

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1326-13

### CLISTER RAY THOMAS, Appellant

### v.

### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## GREGG COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, KEASLER, and ALCALA, JJ., joined. COCHRAN, J., filed a dissenting opinion in which PRICE, and JOHNSON, JJ., joined. WOMACK, J., concurred.

### O P I N I O N

We granted the State Prosecuting Attorney's petition for discretionary review to determine whether the court of appeals erred when it held that there was insufficient evidence to sustain Appellant's conviction for failure to register as a sex offender. After reviewing the evidence in this case, we will reverse the judgment of the court of appeals and remand this case to the court of appeals for consideration of whether Appellant was

harmed by any error in the jury charge.

## BACKGROUND

Appellant is required to register under Chapter 62 of the Texas Code of Criminal Procedure as a sex offender due to a 1987 conviction for aggravated sexual assault. Appellant registered his address, 1900 South Green Street, Apartment 210, with the Longview Police Department, the local law-enforcement agency responsible for sex-offender registration. That apartment was leased by the daughter of Appellant's girlfriend, but Appellant and his girlfriend stayed at the apartment "off and on."

On April 3, 2012, Officer Jeff Hall of the Longview Police Department contacted the property manager of the apartment complex to ask if she was aware that Appellant, a registered sex offender, was living on the premises. The manager told Hall that she was not aware of that, and she subsequently called the Longview Police Department to ask officers to issue a criminal-trespass warning to Appellant. When the officers arrived, the manager, Appellant's girlfriend, and her daughter were present. At that time, the manager told the daughter that she would be evicted if Appellant continued to reside with her and her mother. Ultimately, the officers issued Appellant a criminal-trespass warning and arrested him on other outstanding warrants. When Appellant was booked into the county jail, he told officers that he lived at a different address, 1703 Houston Street.

On June 13, 2012, an officer contacted Detective Brownlee of the Longview Police Department and told him that, when Appellant was arrested, he gave an address

different than his sex-offender registration address. On June 25, Brownlee went to 1900 South Green to see if Appellant was still living there, but he was informed by the manager that Appellant no longer lived on the premises. Without going to the apartment located on South Green, Brownlee went to 1703 Houston Street looking for Appellant and found him. Once the detective made contact with Appellant, he asked him where he was staying, and Appellant responded that he was staying at 1703 Houston Street. Because the address Appellant gave Brownlee was different from Appellant's sex-offender registration address, Brownlee asked Appellant if he had updated his sex-offender registration address. Appellant stated that he had updated it by calling the Longview Police Department, but Brownlee testified that "it is impossible to change your address by calling in." In addition, the detective's records indicated that Appellant was still registered at the South Green address. Consequently, Brownlee arrested Appellant for failure to comply with sex-offender registration requirements.

All three of Appellant's witnesses, including Appellant, testified that, even after Appellant received the criminal trespass warning, he continued to reside at the South Green address through October 2012. Appellant also testified that he began lying and giving police officers the Houston Street address when he was arrested on April 3 to protect his family because he did not want his girlfriend's daughter to be evicted from her apartment for allowing him to continue staying at the apartment.

Appellant was charged, and convicted of, failure to comply with sex-offender

registration requirements. He was sentenced to two years' confinement. On appeal, the Texarkana Court of Appeals reversed the judgment of the trial court and rendered an acquittal after it held that there was a fatal variance between the indictment and the proof adduced at trial. *See Thomas v. State*, 411 S.W.3d 685, 690–91 (Tex. App.—Texarkana 2013, pet. ref'd). The court found that the State failed to prove, per the indictment, that Appellant intended to move from the South Green address to the Houston Street address and failed to report his anticipated new address at least seven days before moving. *Id.* In its analysis, the court noted that the State "presented no evidence that [Appellant] intended to change his address at least seven days before he was required to leave the apartment." *Id.* at 693. The court of appeals went on to say in reference to the criminal-trespass warning that, "if anything, the evidence proves that [Appellant] had no expectation or intention to change his address . . . ." *Id.* Thus, it appears the court of appeals did not reach the second issue of whether Appellant failed to report his new address in person at least seven days before his anticipated move date because it held that there was no evidence to prove the threshold issue that Appellant intended to move.

We granted the State Prosecuting Attorney's single ground for review asking

> Did the court of appeals err to hold that the evidence was insufficient to prove that Appellant failed to register his intent to change his sex-offender registration address seven days before the intended change when evidence of Appellant's actual residence change necessarily establishes his underlying or subsumed intended change date?

**ARGUMENTS OF THE PARTIES**

The State argues that the proper day from which to calculate the requisite seven-day period when Appellant was required to notify the local law-enforcement authority about his intended move was June 25, the day Appellant was arrested at the Houston Street address, not April 3, the day Appellant was arrested at the apartment complex and given a criminal-trespass warning. In addition, the State contends that, although that would mean that the date the crime was committed according to the indictment was different from the date proven at trial, that is of no consequence because caselaw from this Court allows the State to prove a date different than the one alleged in the indictment so long as it was before the indictment was returned and the date was within the limitations period. To support its argument regarding the "on or about" language in the indictment, the State cites *Sledge v. State*, 953 S.W.2d 253 (Tex. Crim. App. 1997).

The State contends that the evidence was legally sufficient because the jury could have found that Appellant intended to move to Houston Street on June 25 when Appellant told Brownlee that he lived on Houston Street, but that intent was not followed up with the requisite in-person notification. Moreover, the State argues, if the jury believed that Appellant intended to move to Houston Street on June 25, then it reasonably could have inferred that Appellant had an obligation to report his intended change in address no later than June 18—seven days before his intended move—which he failed to fulfill.

Appellant responds that the State's assumption that Appellant actually moved to the Houston Street address is not supported by the record. Specifically, Appellant asserts

that Appellant and his witnesses testified that Appellant lived "at the South Green Street apartment even after the criminal trespass warning and well past the date of the indictment." Finally, Appellant cites *Johnson v. State*, 364 S.W.3d 292 (Tex. Crim. App. 2012), for the proposition that there was a fatal variance between the allegations in the charging instrument and the evidence adduced at trial.

## DISCUSSION

To determine if there is sufficient evidence to support a criminal conviction, a reviewing court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). This standard of review allows a jury to resolve fact issues and to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319; *see Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). With respect to testimony of witnesses, the jury is the sole judge of the credibility and weight to be attached thereto, and when the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *See Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). When assaying

the record for evidentiary sufficiency, we consider all of the admitted evidence, even if it was improperly admitted. *Id.*; *see Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011).

To determine whether the State has met its burden under *Jackson* to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The "law as authorized by the indictment" consists of the statutory elements of the offense and those elements as modified by the indictment. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). For example, although the State may be permitted to plead multiple statutory manner and means in the charging instrument, it could choose to plead only one. However, in so doing, the State is required to prove that the defendant committed the alleged crime using that specific statutory manner and means, and it may not rely on any other statutory manner and means of committing the crime it did not plead in the charging instrument. *Cada v. State*, 334 S.W.3d 766, 773–74 (Tex. Crim. App. 2011) (footnote omitted) ("[I]f the . . . offense sets out various statutory alternatives for the distinct elements of the crime, the jury charge

may contain only those alternative elements that are actually alleged in the indictment. And the sufficiency of the evidence is measured by the specific alternative elements that the State has alleged in the indictment.").

There are two types of variances in an evidentiary-sufficiency analysis: material variances and immaterial variances. Immaterial variances do not affect the validity of a criminal conviction, and we have held that a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *See Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011); *see, e.g., Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001) (holding that the fact that the indictment alleged the incorrect serial number for a stolen Go Kart was immaterial and did not warrant reversal of the conviction because the serial number was not a statutory element and the appellant was not prejudiced by use of the incorrect serial number). However, a material variance renders a conviction infirm, and the only remedy is to render an acquittal. *See Cada*, 334 S.W.3d at 776 (reversing the judgment of the court of appeals and rendering an acquittal when there was a material variance between the indictment and the proof adduced at trial); *Curry*, 30 S.W.3d at 404 ("If the evidence is insufficient to support [the] conviction, the remedy is acquittal.").

Article 21.02 of the Texas Code of Criminal Procedure sets out the requisites for an indictment. TEX. CODE CRIM. PROC. art. 21.02. The sixth requirement states that the alleged time that the offense was committed must be "anterior to the presentment of the

indictment, and not so remote that the prosecution of the offense is barred by limitation." *Id.* In *Sledge*, this Court addressed the "on or about" language used in many charging instruments and concluded that, so long as the date on which the offense is proven to have occurred complies with Article 21.02, a conviction is not rendered infirm merely because the State proved that the offense occurred on another day. *See Sledge*, 953 S.W.2d at 255–56; *see also Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). This is because such a discrepancy is not a fatal variance. *See Thomas*, 753 S.W.2d at 693. It is not a variance at all. Rather, when the State uses "on or about" language and proves that the offense was committed on a date different from that alleged in the indictment, but before presentment of the indictment and expiration of the applicable statute of limitations, the offense took place "on or about" the date alleged in the indictment.

### APPLICATION

### A. The hypothetically correct jury charge in this case.

Under Article 62.055 of the Texas Code of Criminal Procedure, a hypothetically correct jury charge would require a jury to find Appellant guilty if (1) he was required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure, and (2) he failed to comply with Article 62.055(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 62.055(a). In addition, under our decision in *Young v. State*, a hypothetically correct jury charge could allege both manners and means authorized by Article 62.055(a) of the Texas Code of Criminal Procedure: (1) failure to

report a change of address "not later than the seventh day before the intended change," or (2) failing to report "not later than the . . . seventh day after changing the address." *See Young v. State*, 341 S.W.3d 417, 427 (Tex. Crim. App. 2011) ("Reporting a change of address 'not later than the seventh day before the intended change' and 'not later than the . . . seventh day after changing the address' are . . . alternative manners and means of committing a single offense."); *see also* TEX. CODE CRIM. PROC. art. 62.055(a). Thus, a hypothetically correct jury charge could authorize a jury to convict Appellant if (1) he was required to register as a sex offender, and (2) he failed to report an anticipated change of address seven days before the intended change, or Appellant did not report his change of address earlier than the seventh day after changing addresses.

In this case, however, the indictment was not as broad as authorized by law because the State alleged a specific manner and means.[1] As a result of specifying a specific statutory manner and means in the indictment, the "law as authorized by the indictment" in this case allowed the jury to convict Appellant only if he failed to report a change in address "not later than the seventh day before the intended change."[2] TEX.

---

[1] The relevant portion of the indictment states that Appellant "intentionally or knowingly fail[ed] to report . . . and provide [his] anticipated move date and the new address anticipated not later than the seventh day before the anticipated move date as required by the Texas Code of Criminal Procedure[.]"

[2] However, the application paragraph of the jury charge authorized the jury to convict Appellant only of committing the offense by using the manner and means that was omitted from the indictment. Thus, the jury charge in this case appears erroneous. *See Cada*, 334 S.W.3d 766 at 773–74.

CODE CRIM. PROC. art. 62.055(a). Thus, the hypothetically correct jury charge *in this case* was one that authorized a jury to convict Appellant only (1) if he was required to register as a sex offender, and (2) he failed to report an anticipated change of address seven days before the intended change. *See id.*

### B. A rational jury could have found Appellant guilty of failing to register his new address seven days before the intended change.

The resolution of this case in large part turns upon the answers to two questions. First, what inference was the jury allowed to draw from what Appellant told Brownlee? Second, was there sufficient record evidence for the jury to conclude that Appellant "intended" to move to the Houston Street address? The answer to the first question is that, with respect to the testimony of witnesses, the jury is the sole judge of the credibility and weight to be attached thereto, including whether to believe all of a witnesses' testimony, portions of it, or none of it. The answer to the second question is "yes," for the reasons we describe below.

Although Appellant disputes whether he had moved to Houston Street, no one disputes that Appellant *told* officers that he had moved there. Appellant argues that he told officers that he moved only to protect his family, while the State argues that the jury had the right to believe Appellant's testimony that, as of June 25, he intended to, and did, live on Houston Street. We agree with the State that the jury, as the factfinder, was entitled to believe Brownlee's testimony that Appellant told him that he lived on Houston Street as of June 25 but to disregard other, contrary testimony, including Appellant's

testimony that he was lying about moving to protect his family. Having decided that Brownlee's testimony was credible, the jury could have further reasonably concluded that Appellant was guilty of the charged crime because he never reported his intended change in address in person and at least seven days before his intended move on June 25. The latest date on which Appellant could have complied with the law to report his intended change in address would have been June 18, but Appellant never appeared in person to report his intended change of address.

We now address the question of whether the evidence was legally sufficient to convict Appellant despite the fact that the jury seemingly concluded that Appellant was guilty of the crime, but not guilty of committing it on the day alleged in the indictment. The use of the "on or about" language in the indictment was sufficient to put Appellant on notice of the State's allegation and to allow Appellant to prepare a defense, which he did. In addition, the evidence adduced at trial established that the offense date was before the presentment of the indictment and before the expiration of the statute of limitations in conformance with previous decisions from this Court. Thus, there was not a variance between the allegations in the indictment and the evidence adduced at trial with respect to the date of the commission of the offense because there was sufficient evidence for the jury to find that "on or about" the date alleged in the indictment, Appellant committed the alleged crime. Consequently, we hold that, when the evidence is viewed in the light most favorable to the verdict, the evidence was legally sufficient to support Appellant's

conviction. As a result, we reverse the judgment of the court of appeals.

## THE JURY CHARGE

Although we hold that there was sufficient evidence adduced at Appellant's trial to sustain his conviction, we remand this case to the court of appeals to address the jury charge. As the court of appeals indicated in its opinion, the application paragraph of the charge in this case allowed the jury to convict Appellant only if "the defendant changed his address for more than seven days and intentionally or knowingly failed to report in person to the Longview Police Department to register the defendant's new address." *Thomas*, 411 S.W.3d at 689. But the jury should not have been instructed to consider this manner and means because it was not included in the indictment. On remand, the court of appeals should review the jury charge and determine in the first instance whether Appellant was harmed. *See Wooley v. State*, 273 S.W.3d 260, 271–72 (Tex. Crim. App. 2008).

## CONCLUSION

There was sufficient evidence to sustain Appellant's conviction for failure to report a change in his address under Article 62.055(a) of the Texas Code of Criminal Procedure as alleged in the indictment. However, we remand this case to the court of appeals to decide whether Appellant was harmed by any error in the jury charge. As a result, we reverse the judgment of the court of appeals and remand this case for further proceedings consistent with this opinion.

Hervey, J.

Delivered: September 24, 2014

Publish