

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00318-CR

---

AMANDA DAVIDSON BERMEA                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM COUNTY COURT AT LAW OF COOKE COUNTY
TRIAL COURT NO. CR13-56843

----------

## MEMORANDUM OPINION[1]

----------

Appellant Amanda Davidson Bermea filed a motion to quash the criminal information in her case, and the motion was denied. She entered a plea of no contest, preserving her right to appeal the denial of her motion to quash, and the trial court convicted her of organized retail theft under section 31.16 of the Texas

---

[1]*See* Tex. R. App. P. 47.4.

Penal Code[2] and sentenced her to ten days in jail and a $500 fine.  In her sole issue, Appellant complains of the denial of her motion to quash.  Because the trial court did not err by denying the motion on the single ground that Appellant raised, we affirm the trial court's judgment.

Appellant was charged by criminal complaint and information that she did

> then and there intentionally conduct an activity in which [she] possessed stolen retail merchandise, to-wit:  food items and baby slippers by placing said items in her purse and exiting the ***Wal-Mart*** in Gainesville, Texas without paying for said items, and the total value of the merchandise involved in the activity was less than $50.00 . . . .  [Emphasis added.]

Appellant argues on appeal that the trial court erred by denying her motion to quash the information "in that [she] was improperly charged with an offense, Organized Retail Theft, Texas Penal Code, Chapter 31, Section 31.16[], wherein an essential element of the offense, 'intentionally conducts, promotes, or facilitates an activity' was missing from the Complaint . . . and the Information . . . ."

Section 31.16 of the penal code, entitled "Organized Retail Theft," provides in pertinent part,

> (b) A person commits an offense if the person intentionally conducts, promotes, or facilitates an activity in which the person receives, possesses, conceals, stores, barters, sells, or disposes of:
>
>> (1) stolen retail merchandise; or

---

[2]Tex. Penal Code Ann. § 31.16 (West Supp. 2014).

(2) merchandise explicitly represented to the person as being stolen retail merchandise.

(c) An offense under this section is:

(1) a Class B misdemeanor if the total value of the merchandise involved in the activity is less than $50[.][3]

Appellant appeared to argue in the trial court and likewise appears to argue before this court that the information and complaint are fatally flawed because they do not allege every manner and means of committing the offense. They allege that Appellant intentionally conducted an activity in which she possessed stolen property.[4] It is not necessary that the information and complaint allege every possible manner and means of committing the offense.[5] Appellant actually benefitted from the greater specificity of the pleading that more accurately informed her of what the State intended to prove.[6]

Appellant does not complain of the sufficiency of the evidence to support her conviction. Nor does she raise any challenge to the validity of the statute, the

---

[3]*Id.* § 31.16(b)–(c)(1).

[4]*See id.* § 31.16(b).

[5]*See, e.g., Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014) ("[T]he indictment was not as broad as authorized by law because the State alleged a specific manner and means." (footnote omitted)).

[6]*See id.* (explaining that "the law as authorized by the indictment in this case [therefore] allowed the jury to convict [Thomas] only if" they found him guilty of the specific manner and means alleged in the indictment) (internal quotation marks and citation omitted).

intent of the legislature, or the proper interpretation of the statute. Appellant does not argue that the information or complaint is infirm in any other respect.

We hold that the trial court did not err by overruling Appellant's motion to quash for any reason urged by Appellant. We, therefore, overrule her sole point and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015

4