ACCEPTED
14-14-00523-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
3/6/2015 3:18:55 PM
CHRISTOPHER PRINE
CLERK

## No. 14-14-00523-CR

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

——————◆——————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

3/6/2015 3:18:55 PM

CHRISTOPHER A. PRINE
Clerk

### No. 1388541
In the 177th District Court
Of Harris County, Texas

——————◆——————

## CRAIG GILDER
*Appellant*
v.
## THE STATE OF TEXAS
*Appellee*

——————◆——————

State's Appellate Brief

——————◆——————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**NATHAN HENNIGAN**
Assistant District Attorney
Harris County, Texas

**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for the Appellee*

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant requested oral argument. The State does not.

**Identification of the Parties**

Counsel for the State:

Devon Anderson
— District Attorney of Harris County

Nathan Hennigan
— Assistant District Attorney at trial

Clinton A. Morgan
— Assistant District Attorney on appeal

Appellant:

Craig Gilder

Counsel for the Appellant:

Antonio Balderas
— Counsel at trial

Alexander Bunin & Melissa Martin
— Counsel on appeal

Trial Judge:

Ryan Patrick
— Presiding judge

# Table of Contents

**Page**

Statement Regarding Oral Argument...............................................i

Identification of the Parties ...............................................i

Table of Contents.............................................................ii

Index of Authorities.........................................................iii

Statement of the Case ..........................................................1

Statement of Facts..............................................................1

Reply to the Appellant's Sole Point of Error ..............................2

   The evidence is sufficient to support the verdict............................2

     I.   The appellant's preferred case, *Green*, is no longer good law...........3

       A.   This Court's Opinion in *Green* .........................................3

       B.   The Court of Criminals Appeals's Opinion in *Thomas* ...................5

       C.   *Thomas* directly contradicts *Green*...................................7

       D.   The *Thomas* inference does not impose strict liability on evicted sex offenders. Though the seven-day notice requirement is absolute, if such notice is impossible a defendant may raise the defense of necessity........8

     II.   Under *Thomas*, the evidence is sufficient to show that the appellant intentionally changed his address and failed to provide seven days' notice prior to doing so. ...............................................13

       A.   The State's evidence supports an inference that the appellant left 7601 Curry at one of two different time periods, and that he failed to provide seven days' notice.................................................13

       B.   What the State's evidence did not directly show — that the appellant set up a new address — can be inferred...................................14

Conclusion ....................................................................18

Certificate of Compliance and Service........................................19

# Index of Authorities

## Cases

*Green v. State*
350 S.W.3d 617 (Tex. App.—
Houston [14th Dist.] 2011, pet. ref'd) ........................................................................ 3, 5

*Hooper v. State*
214 S.W.3d 9 (Tex. Crim. App. 2007) ........................................................................ 17

*Juarez v. State*
308 S.W.3d 398 (Tex. Crim. App. 2010) .................................................................... 13

*Thomas v. State*
441 S.W.3d 685, 692-93 (Tex. App.—
Texarkana 2013) *rev'd* 444 S.W.3d 4 ........................................................................ 6

*Thomas v. State*
444 S.W.3d 4 (Tex. Crim. App. 2014) ........................................................................ 5, 14

## Statutes

TEX. CODE CRIM. PROC. art. 62.001 ........................................................................ 15

TEX. CODE CRIM. PROC. art. 62.051 ........................................................................ 15

TEX. CODE CRIM. PROC. art. 62.055 ........................................................................ 3, 4, 9

TEX. CODE CRIM. PROC. art. 62.059 ........................................................................ 16

TEX. CODE CRIM. PROC. art. 62.102 ........................................................................ 3

TEX. PENAL CODE § 8.05 ........................................................................ 11

TEX. PENAL CODE § 9.21 ........................................................................ 12

TEX. PENAL CODE § 9.22 ........................................................................ 10

## Statement of the Case

The appellant was indicted for failing to comply with his sex-offender registration requirements. (CR 9). The indictment alleged a prior felony conviction. (CR 9). The appellant pleaded not guilty. (3 RR 7). A jury found him guilty as charged. (CR 88, 98). The appellant pleaded true to the enhancement paragraph and the jury assessed punishment at seven years' confinement. (CR 97, 98). The trial court certified the appellant's right of appeal and the appellant filed a timely notice of appeal. (CR 101, 102).

## Statement of Facts

The appellant is a sex-offender who was living with his mother at 7601 Curry Street, #2, in Houston. (3 RR 48). At the time, the appellant had used the 7601 Curry address when he filled out his sex-offender registration forms. (State's Ex. 4). However, the appellant was not listed as a resident on the lease for that apartment, so, after receiving reports that the appellant was assaulting his mother, the apartment complex manager called authorities and had a trespass warning issued to the appellant on August 13, 2012, effectively barring him from the premises. (3 RR 48-51).

In April 2013, a Houston police officer checked in on the appellant and discovered that 7601 Curry #2 was vacant. (State's Ex. 4). Indeed, the

1

apartment had been vacated on January 3, and the complex was undergoing extensive remodeling. (State's Ex. 4). C.R. Black, a Houston police officer who does compliance checks on registered sex offenders, went to 7601 Curry on May 14 and confirmed that the apartment was vacant and the building was undergoing renovation. (3 RR 23; *see* 3 RR 44 (apartment manager: "All of the apartments [in the building] were gutted to the studs, sheetrock, everything, totally cut out. The only thing that was standing was the foundation, which are, you know, the brick.").

## Reply to the Appellant's Sole Point of Error

**The evidence is sufficient to support the verdict.**

The indictment alleged that the appellant failed to provide seven days' notice prior to an intended change of address:

> [The appellant], while [a sex offender subject to registration requirements], and while intending to change his residential address, intentionally and knowingly fail[ed] to timely provide in person [his] anticipated move date and new address to the local law enforcement authority designated as [his] primary registration authority, by failing to provide said information in person to said authority at least seven days before [his] change of address.

2

(CR 9). This charge is based on Code of Criminal Procecure Article 62.055(a), which contains, *inter alia*, a requirement that sex offenders provide seven-days' notice prior to changing their residential address:

> If a person required to register under this chapter intends to change address … the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority … and provide the authority … with the person's anticipated move date and new address.

TEX. CODE CRIM. PROC. art. 62.055(a); *see* TEX. CODE CRIM. PROC. art. 62.102(a) ("A person commits an offense if the person is required to register and fails to comply with any requirement of [Chapter 62].").

The appellant's claim on appeal is that the evidence is insufficient to show that he ever intended to leave 7601 Curry, thus the State's evidence did not show that the appellant failed to notify the reporting authority of his address change "while intending to change his residential address."

## I. The appellant's preferred case, *Green*, is no longer good law.

### A. This Court's Opinion in *Green*

The appellant relies mainly on an opinion from this Court, *Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). On its face, *Green* seems to be a fractured opinion, with a "plurality opinion" by Justice Anderson, and two opinions from Justice Seymore and then-Justice Frost, who

were referred to as "concurring." However, on the deciding issue of the case, Justice Seymore joined then-Justice Frost's opinion, thus, that portion of her opinion is the opinion of the Court. *See Green*, 350 S.W.3d at 630 n.7 (op. of Frost, J).

Green was a sex offender who was required to register. *Id*. at 619. On his registration, Green listed his address as being on Highland Avenue in Waxahachie, but he spent lengthy portions of time in Arizona, where he was also registered. *Id*. at 619-20. The evidence seems to have shown that Green left for Arizona on April 11, and while he was away his wife, without consulting with him, moved the family out of the Highland Avenue address and into a house on Holder Road. Green returned from Arizona on April 20, went back to Arizona on April 24, and returned to the Holder Road address on April 30. The evidence showed that another tenant moved into the Highland Avenue address on April 20. When, on May 3, Green went to change his registration to show that he lived on Holder Road, he was arrested for failing to provide notice of an intended address change at least seven days in advance.

On appeal, this Court held that there was insufficient evidence to support the conviction. This Court began by noting that "the [article 62.055(a) intended-change-of-address reporting] Requirement is triggered only 'if a person required to registered under this chapter intends to change address.'"

*Green*, 350 S.W.3d at 633 (op. of Frost, J.). This Court believed that not all changes of address are intentional:

> There are various situations in which a registered sex offender's address may change without the offender having any intent to change address prior to the actual change of address. The offender may be barred from his current residence without warning or someone else may move the offender's property out of the residence and to another address without the offender's knowledge.

*Ibid*. This Court concluded that none of the evidence in the case showed that Green had an intent to change his address, thus he did not trigger this particular reporting requirement and the evidence was insufficient to support the conviction. *Ibid*.

## B. The Court of Criminals Appeals's Opinion in *Thomas*

Though the Court of Criminal Appeals denied the State's petition for discretionary review in *Green*, in 2014 that court overturned a case from the Sixth Court that had relied on *Green*. In light of the factual similarities in these cases, and the Court of Criminal Appeals's rejection of the Sixth Court's use of *Green*'s holding, the State believes that *Green* can no longer be considered good law.

*Thomas v. State*, 444 S.W.3d 4 (Tex. Crim. App. 2014) involved the same seven-day-notice requirement at issue in *Green* and this case. Thomas was a

sex offender who registered his address as being an apartment on South Green Street. *Thomas*, 444 S.W.3d at 6. However, as he was not on the lease, he was given a trespass warning by the apartment manager on April 3, 2012. *Ibid*. When, on that day, Thomas was booked into the jail on unrelated warrants, he gave his address as being on Houston Street. *Ibid*. Two months later, on June 25, the police put two and two together and went to see if Thomas was still living in his registered address on Green Street; instead, they found him on Houston Street, and he advised the officers that he lived on Houston Street. *Ibid*. Thomas was then charged and convicted of failing to give seven days' notice of an intended change of address. *Id*. at 6-7.

On direct appeal, the Sixth Court relied heavily on *Green* in overturning Thomas's conviction. *See Thomas v. State*, 441 S.W.3d 685, 692-93 (Tex. App.—Texarkana 2013) *rev'd* 444 S.W.3d 4. The Sixth Court quoted *Green's* language regarding the various ways in which a sex offender might have to move unexpectedly, and then concluded that, because the State had not shown that Thomas had an intention to move seven days prior to when he was given the trespass warning, the evidence was insufficient to support the conviction. *Id*. at 693.

On discretionary review, the Court of Criminal Appeals did not look at the date when Thomas left the Green Street house, but instead looked at the

date when Thomas told the officers that he lived on Houston Street, June 25. *Thomas*, 444 S.W.3d at 10. Because he *was* living on Houston Street, the jury could have inferred that he *intended to move* to Houston Street, and thus he should have provided notice at least seven days before he moved. *Ibid*. Therefore, because the evidence showed that Thomas had not provided notice of this change of address by, at the latest, June 18, the evidence was sufficient. *Id*. at 10-11.

### C. *Thomas* directly contradicts *Green*.

While *Thomas* is not completely clear about its rationale, it is clear enough that it directly contradicts this Court's holding in *Green.* Green and Thomas were charged with the exact same offense, and the facts of the cases were nearly identical: a sex-offender, through no action of his own, was forced to move suddenly from the address at which he was registered. In neither case did the State's evidence show any intent to leave the prior address, much less an intent seven days before the move. In both cases, the State proved that the defendant *had* moved and had not given notice prior to moving. In *Green*, this Court held that the evidence was not sufficient; in *Thomas*, the Court of Criminal Appeals held that it was. The State believes that there is no way to reconcile this Court's opinion in *Green* with *Thomas*. At this point, this Court

should consider *Green* effectively overruled and should analyze the sufficiency of the evidence in this case by looking at *Thomas* instead.

> **D. The *Thomas* inference does not impose strict liability on evicted sex offenders. Though the seven-day notice requirement is absolute, if such notice is impossible a defendant may raise the defense of necessity.**

The fundamental difference between *Green* and *Thomas* is that *Green* looked at the date the defendant vacated a prior residence and required the State to adduce evidence that there was an intent prior to the move, but *Thomas* looked at the date when it was obvious that the defendant was living elsewhere and inferred that the move was intentional. Intuitively, the *Thomas* inference makes sense: The decision to live at a particular place is an intentional one, thus a rational jury, upon being told that a defendant was living on Green Street but is now living on Houston Street could infer that the move was an intentional one.

This inference remains true even if that defendant did not intend to move from Green Street, because, regardless of why he left Green Street, it is highly unlikely that he started living on Houston Street by accident. Thus, even if Thomas would have preferred living on Green Street, when he changed his address to Houston Street it was an intentional act and he was required to give seven days' notice prior to doing so.

On its face, Article 62.055(a)'s requirement is a blanket requirement with no exceptions, effectively disallowing those subject to the registration requirement from moving without at least seven days' notice. *See* TEX. CODE CRIM. PROC. art. 62.055(a) ("If a person required to register under this chapter intends to change address … shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority … and provide the authority … with the person's anticipated move date and new address."). This requirement makes sense under the structure of the statute, because the law enforcement authority to whom the registrant gives notice must, within three days of receiving that notice, itself provide notice to the Department of Public Safety and the reporting authority for the address to which the registrant is moving. *See id.* at 62.055(c), (d), (f), (g), (h). Effectively, Article 62.055 serves to give a heads-up to reporting authorities that someone subject to the registration requirement is moving to their area. Allowing sex offenders to up and move without lead time would thwart the legislative aims of monitoring their whereabouts.

In the face of this blanket requirement, the State believes this Court's instincts in *Green* were sound: Despite the fact that Article 62.055 plainly disallows sex offenders from moving with less than seven days' notice, there

are circumstances where individuals might be required to suddenly leave their homes, and turning an eviction or a criminal trespass notice or a disastrous fire into a felony seems harsh and unfair. However, defendants in those circumstances are still protected under *Thomas*, if they present their evidence properly. If a defendant is charged for failure to give seven days' notice and his defense is that he was forced to leave his registered address because he was served with a criminal trespass warning, he is not disputing that he intentionally moved to another place. Indeed, he is more or less admitting as much. What he is disputing is whether he had a legal alternative to violating the seven-days' notice requirement.

Penal Code Section 9.22 provides a defense for people caught in such tough situations: "Conduct is justified if the actor reasonable believes the conduct is immediately necessary to avoid imminent harm." TEX. PENAL CODE § 9.22(1). In order to qualify for this defense, "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct." *Id.* at 9.22(2). Although the "imminent harm" for this sort of defense is ordinarily some type of physical harm, there is no legal requirement that the harm being avoided be physical. *See* TEX. PENAL CODE § 1.07(25) ("'Harm' means anything reasonably regarded as loss, disadvantage, or injury ...");

10

*compare* TEX. PENAL CODE § 9.22(1) (allowing necessity defense if conduct was necessary to "avoid imminent harm") *to* § 8.05(a) (Duress: "It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury …").

A registered sex offender who is forced to move at a moment's notice because of a criminal trespass warning will violate the criminal-trespass statute if he does not change his address, and he will violate the seven-day notice requirement if he does. It should be clear that, given that choice, violating the seven-day notice requirement will generally be the preferable option. Violating the criminal-trespass statute will bring with it the danger of immediate harm, namely being arrested for staying at the forbidden property.[1] If the sex offender goes to jail, the problem for him will persist, because Article 62.055 requires that the notice of an intended address change be given "in person," which an incarcerated defendant would almost certainly not be able to do. Thus, once he is released from the jail, he will again face the exact same dilemma.

---

[1] In this case, the trespass warning was given in the presence of a police officer, so had the appellant refused to leave immediately he almost certainly would have been arrested. (*See* State's Ex. 6).

Additionally, if the question is how can a sex offender in this circumstance best comply with the law, moving and providing notice as quickly as possible would be preferable to continuing to reside at the forbidden property. If a sex offender moves immediately and notifies the reporting authority as soon as possible of his forced relocation, he will violate the seven-day notice requirement but in other regards he will be in compliance with Article 62.055. Moreover, because a violation of a registration requirement is an administrative violation, no one will actually be harmed by the lack of pre-move notice. If, on the other hand, he remains on property despite being forbidden from doing so by the owner, the criminal-trespass statute is completely violated, and with it the fundamental property rights of the land owner.[2]

In summary, while the Court of Criminal Appeals's opinion in *Thomas* makes it easier for the State to gain a conviction by allowing an inference of intent that this Court's prior caselaw did not allow, the existence of a necessity defense means that there is still legal protection for those sex offenders who are forced to move without being able to provide seven days' notice. [3]

---

[2] Others may be harmed as well if a defendant stays at the forbidden property. Here, the reason the appellant was given a trespass warning was because he was beating his mother.

[3] Though it seems counterintuitive to apply it to such a situation, the public duty defense also seems to apply here. *See* TEX. PENAL CODE § 9.21(a) ("[C]onduct is justified if the actor

While understanding the necessity defense is important for understanding the workings of this statute, it is important to note that the appellant did not adduce evidence that would support a justification defense in this case. *See Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010) (justification defenses subject to confession-and-avoidance doctrine, requiring defendant to admit to conduct and mental state of offense). Though the appellant's defense on appeal is that he could not give seven days' notice because he was forced to move by the trespass warning, that argument was foreclosed by his failure to adduce this evidence and request a necessity instruction.

II. **Under *Thomas*, the evidence is sufficient to show that the appellant intentionally changed his address and failed to provide seven days' notice prior to doing so.**

   A. **The State's evidence supports an inference that the appellant left 7601 Curry at one of two different time periods, and that he failed to provide seven days' notice.**

The evidence in this case showed that the appellant was registered to live at 7601 Curry Street, Apartment 2. (State's Ex. 2). In August 2012, he was given a criminal trespass notice prohibiting him from being at 7601 Curry;

---

reasonably believes the conduct is required or authorized by law …"). In this situation, the law requires the sex offender to leave immediately, and to give seven days' notice prior to leaving. Indeed, the public-duty defense might protect the sex offender in this situation regardless of whether he chooses to leave or stay.

while the apartment manager testified that she did not hear reports of him being at the complex after that, there is no direct evidence that the appellant left the premises at the time. (4 RR 49-51).

However, by January 2013, the appellant's mother had moved out of the apartment building and the management conducted a remodeling project that left the apartment uninhabitable. (4 RR 44, 56-58; State's Ex. 4 ("JAN 3, 2013 APT VACATED PER MRG")). When the police investigated the appellant's whereabouts in April and May, 2013, the apartment was still vacant. (4 RR 22-23; State's Ex. 4).

The State believes that the evidence would support an inference that the appellant left 7601 Curry either in September 2012 or January 2013. The later inference is probably stronger. The indictment alleged that he failed to report a move on January 11, 2013, but the specific date is not relevant on a sufficiency review so long as the evidence was sufficient to show that he moved without providing notice at some period within the three years prior to the issuance of the indictment. *See Thomas*, 444 S.W.3d at 11.

### B. What the State's evidence did not directly show — that the appellant set up a new address — can be inferred.

There was no evidence in this case regarding where the appellant went after he left 7601 Curry. Nonetheless, the State believes the evidence supports

14

an inference that the appellant *did* change addresses: If he wasn't living at 7601 Curry, he had to be living somewhere else, and it would have been almost impossible for him to have spent an extended period of time without being required to report his whereabouts.

The sex-offender registration statutes do not directly define "address" or "residence" in any useful way,[4] but they do describe the sorts of addresses that those subject to the registration requirement must report. Article 62.051 requires those subject to the registration requirement to register "the address at which the person resides or intends to reside or, if the person does not reside or intend to reside at a physical address, a detailed description of each geographical location at which the person resides or intends to reside." *Id*. at (c)(2). This information must be provided to the local law enforcement authority "in any municipality where the person resides or intends to reside for more than seven days," or, if the person does not live in a municipality, he must register in the county "where he resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. art. 62.051 (a). He must register no later than "the seventh day after the person's arrival in the municipality or county, or the first date the local law enforcement authority of the

---

[4] "'Residence' includes a residence in this state established by a person described by Article 62.152(e) [dealing with 'Certain Workers or Students']." TEX. CODE CRIM. PROC. art. 62.001(7).

municipality or county by policy allows the person to register ...." *Id*. at 62.051(a)(1)-(2).

A sex offender's registration requirements kick in even before the seven-day point. A sex offender subject to the registration requirement must report to a local law enforcement authority, by the end of a month, if he spends "more than 48 consecutive hours" in a municipality or county "on at least three occasions during any month." TEX. CODE CRIM. PROC. art. 62.059(a). Among the information required to be reported to the law enforcement agency is the individual's address and the place in the municipality or county where the individual is lodging. *Id*. at 62.059(b).

In this case, the appellant was gone from 7601 Curry at least from January through May, at which point police filed charges. During that time, the appellant never registered his location with any authority in this or another state. (4 RR 32-33). While it does seem possible for an individual subject to the reporting requirement to not have a reportable address, maintaining such a non-resident status would be difficult and would probably require a conscious effort. It seems that an individual could avoid having a reportable residence if he:

1. Did not stay or intend to stay in the same municipality or county for more than seven consecutive days, and

2. Did not stay in the same municipality or county for more than 48 hours on three occasions in a month.[5]

The chances of the appellant having followed those rules for four-and-a-half months are exceedingly small; indeed, in the absence of evidence that the appellant had uprooted himself to become such a legally-fastidious drifter, it would be unreasonable to assume that he had.

From the State's evidence that the appellant stopped living at his registered address for four-and-a-half months, a rational jury could have inferred that he lived *somewhere*, and that wherever he lived he lived intentionally. *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007) ("We permit juries to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial."). Thus, using the inference allowed by *Thomas*, the evidence is sufficient to support the appellant's conviction.

---

[5] The State does not represent this as a conclusive statement of the law; this is merely a statement of the requirements that the State's appellate counsel could find. There may be other requirements that would make it even harder not to obtain a reportable residence.

## Conclusion

The State respectfully submits that all things are regular and the judgment of the trial court should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

**Certificate of Compliance and Service**

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 3,869 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Melissa Martin
melissa.martin@pdo.hctx.net

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: March 6, 2015