# NO. 12-13-00357-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TOCARRA LOCKETT A/K/A TOCARRA MCKIND, APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tocarra Lockett appeals his conviction for unlawful possession of a firearm. He raises two issues on appeal. We reverse and render.

## BACKGROUND

On August 9, 2013, a Nacogdoches County grand jury returned an indictment against Appellant, alleging that he committed the offense of unlawful possession of a firearm. Appellant pleaded "not guilty" to the offense, and a jury trial was held. The jury found Appellant guilty of the offense, and assessed punishment at six and one-half years of imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends the evidence is insufficient to support his conviction. The State argues that Appellant is not entitled to an acquittal.

### Standard of Review and Applicable Law

When sufficiency of the evidence is challenged on appeal, we view all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*,

443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); **Brooks v. State**, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, the jury is the sole judge of the witnesses' credibility and the weight of their testimony. **Jackson**, 443 U.S. at 319, 99 S. Ct. at 2789; **Brooks**, 323 S.W.3d at 899. A jury is permitted to draw multiple reasonable inferences, but it is not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. **Hooper v. State**, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

In determining whether the State has met its burden of proving the defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. **Thomas v. State**, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden or theories of liability, and adequately describes the particular offense for which the defendant was tried. **Malik v. State**, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

The "law as authorized by the indictment" consists of the statutory elements of the offense and those elements as modified by the indictment. *See* **Thomas**, 444 S.W.3d at 8. When a statute defines alternative methods of manner and means of committing an element of the offense and the indictment alleges only one of those methods, "the law" for purposes of the hypothetically correct jury charge, is the single method alleged in the indictment. **Gollihar v. State**, 46 S.W.3d 243, 255 (Tex. Crim. App. 2001).

Under Section 46.04(a)(1), a convicted felon commits an offense if he possesses a firearm

> after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later[.]

TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

**Discussion**

The indictment in this case alleged that on or about September 16, 2012, Appellant

> did then and there, having been convicted of the felony offense of Aggravated Robbery on the 4th day of October, 2002, in cause number 102422002 in the 145th Judicial District Court of Nacogdoches County, Texas, intentionally or knowingly possess a firearm before the fifth

anniversary of the defendant's release from supervision under parole following conviction of said felony[.]

At trial, the State introduced a "pen pack" that contained a judgment of conviction and a public information disclosure sheet relating to Appellant's conviction for aggravated robbery. The judgment shows that Appellant pleaded guilty to the offense and, pursuant to a plea bargain, received a ten year sentence. The disclosure sheet states that Appellant's sentence began on December 5, 2001, the maximum expiration of his sentence was December 5, 2011, and that Appellant was discharged on December 5, 2011 (ten years after his sentence began). The disclosure sheet also contained a line that stated "Date of Release," but no date was entered on this line. The record contains no evidence that Appellant was "released from supervision under parole."

### *The State's Argument*

The State argues that the discrepancy between the evidence and the indictment amounts to an "immaterial variance" because the evidence proved that Appellant was guilty of an offense. To support this contention, the State cites **Kauffman v. State**, an opinion issued by the Fort Worth court of appeals. *See generally* **Kauffman v. State**, No. 2-02-059-CR, 2003 WL 863559 (Tex. App.—Fort Worth 2003, pet. ref'd) (mem. op., not designated for publication).

The defendant in **Kauffman** was convicted of unlawful possession of a firearm. **Id.** at *1. One of the issues before the court was whether there was a fatal variance between the indictment and the State's documentary evidence of the defendant's prior conviction. **Id.** at *2. The indictment alleged the defendant was convicted of grand theft on December 13, 1996, but the evidence showed that he was convicted on April 24, 1981, and sentenced on December 13, 1996. **Id.** The defendant argued the State failed to "prove the elements of a final, prior conviction[,] or that [he] had been legally confined on that conviction less than five years from the date of his arrest." **Id.** The court of appeals held that the date of the defendant's prior conviction was not an element of the offense—it was his status as a felon that was the element. **Id.** at 3. Thus, the court reasoned that "any discrepancy between the date of the prior offense alleged . . . and the date proven at trial only affects the strength of the evidence showing that the defendant possessed a firearm within five years of his release from confinement." **Id.**

*Nature of the Variance*

Although the State contends that ***Kauffman*** supports its argument, we conclude the case is not instructive because the alleged failure of proof here does not concern Appellant's status as a felon. The State argues that, "when someone is released from confinement, after serving the entire sentence, without even being given the opportunity to be placed on parole, that individual is also 'released from parole,' in that given case." But this is not what the indictment alleged. Here, the issue is whether the indictment's allegation, "release from supervision under parole," was an immaterial variance.

A variance exists when there is a discrepancy between the allegations in the charging instrument and the proof at trial. ***Gollihar***, 46 S.W.3d at 246. As applied here, this occurs when the State proves the defendant is guilty of a crime, but proves its commission in a manner that varies from the allegations in the indictment. *See **id.***

There are two types of variances in an evidentiary sufficiency analysis: immaterial and material. ***Thomas***, 444 S.W.3d at 9. A variance is immaterial if it does not affect a defendant's substantial rights. *See **Gollihar***, 46 S.W.3d at 248; *see also **Thomas***, 444 S.W.3d at 9 (immaterial variance does not affect validity of conviction). A variance is material if the State does not prove the statutory language pleaded in the indictment. *See **Johnson v. State***, 364 S.W.3d 292, 294-95 (Tex. Crim. App. 2012). This amounts to a failure of proof, rendering the evidence legally insufficient to support the conviction. *See **Johnson***, 364 S.W.3d at 295; ***Byrd v. State***, 336 S.W.3d 242, 258 (Tex. Crim. App. 2011).

In this case, the "release from supervision under parole" allegation in the indictment is a statutory element of the offense under Section 46.04(a)(1). *See* TEX. PENAL CODE ANN. § 46.04(a)(1); *see also* TEX. PENAL CODE ANN. § 1.07(22) (West Supp. 2014) (element of offense means forbidden conduct, required culpability, any required result, and negation of any exception to offense). Although the State proved that Appellant had been released from confinement, it failed to prove the statutory element it alleged (release from supervision under parole). *See **Thomas***, 444 S.W.3d at 8 ("[The State] may not rely on any other statutory manner and means of committing the crime [that] it did not plead in the charging instrument."). The variance in this case is material. *See **Johnson***, 364 S.W.3d at 295.

4

## Conclusion

Because there is no evidence that Appellant was "released from supervision under parole," a rational jury could not have found that the State proved each element of the offense beyond a reasonable doubt. *See* **Brooks**, 323 S.W.3d at 895; **Hooper**, 214 S.W.3d at 15. The evidence is legally insufficient to support Appellant's conviction. *See* **Johnson**, 364 S.W.3d at 294. The evidence presented at trial clearly shows Appellant possessed a firearm. And if the State had indicted him alleging the statutory element of "release from confinement following conviction of the felony," Appellant would have been guilty of the offense charged. However, this is not how the State chose to indict Appellant, and it bound itself to prove the offense as alleged. For us to adopt the State's argument, we would have to ignore the material variance between the allegation in the charging instrument and the proof at trial. Likewise, we would have to conclude that the statutory element of release from confinement after serving the entire sentence is the same as being released from parole, which would undermine the distinction the legislature set forth in the statute. We are not inclined to do either. Accordingly, we sustain Appellant's first issue. Because we have resolved Appellant's first issue in his favor, we need not address his second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having found the evidence legally insufficient to support Appellant's conviction, we *reverse* the judgment of the trial court and *render* a judgment of acquittal.

BRIAN HOYLE
Justice

Opinion delivered March 25, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2015**

**NO. 12-13-00357-CR**

**TOCARRA LOCKETT A/K/A TOCARRA MCKIND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1320229)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court be **reversed** and a judgment of **acquittal** be, and the same is, hereby **rendered** herein in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*