**Opinion issued October 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00805-CR

————————————

**RODNEY CARNELL MAYS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 1875634**

---

## MEMORANDUM OPINION

The trial court found appellant, Rodney Carnell Mays, guilty of assault on a family member and assessed his punishment at confinement for fifty-six days in the Harris County Jail.[1] In his sole issue, appellant argues that the trial court erred

---

[1]    *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2014).

in denying his motion for an instructed verdict of not guilty because the evidence is insufficient to support his conviction.

We affirm.

## Background

Appellant was charged with assault of Olivia Fields, the mother of his child. The information alleged that he assaulted her by striking her with his hand. At his bench trial, Fields testified that she first met appellant in 2008. She stated that appellant told her he was a counselor for troubled teens, youth, and young adults, and they exchanged numbers. Fields testified that they spoke about her "getting over what [she] had been through" and eventually arranged to meet in person "maybe a month or two" after their first meeting. Fields believed that appellant was picking her up for counseling, but instead he took her to a party. They left the party and had intercourse, which resulted in Fields becoming pregnant with their son, who was born in September 2009. However, Fields was engaged to a different man at the time and did not know that appellant was the child's father.

Once appellant's paternity was established, Fields allowed appellant to visit their son. Because the child had severe asthma, she would limit appellant's visitation "depending on how [her] son was feeling." Fields testified that her limiting his visitation upset appellant and caused him to become angry with her on occasion.

2

On the day of the offense, December 18, 2012, Fields stated that her son "was sick all that day" and that appellant complained to her that he did not get to spend enough time with the child. Fields "offered for him to be with [her] and [her] son at the hospital for his treatment," and appellant offered to drive them to the hospital and back home again. But instead of returning Fields and the child to their home, appellant drove them to his condo. She became worried because she did not want to be alone with him, and she attempted to walk with her son to the nearest bus stop.

As she grabbed the child's car seat and bag to leave, appellant became "mildly" upset and tried to convince her to stay with him. When she continued to walk toward the bus stop, appellant tried to grab the child and the car seat. Appellant then began walking behind Fields and "yelling things." She testified that she kept walking until appellant "walked around in front of [her] with his fist balled up in the air" and continued to yell. She walked around him to continue to the bus stop, and at that point appellant "got angry and punched [her] in the back of the head." Fields testified that she lost her balance and managed to turn so that she fell and hit the ground "bottom first." She then hit her head again but her son remained safe in her arms. Appellant "walked away" and Fields "gathered [her]self, made sure [her] son was okay, and then called 911."

Following Fields' testimony, the State rested and appellant moved for a directed verdict, arguing that the State had failed to prove the "manner and means" of the assault. The trial court denied the motion.

Appellant testified on his own behalf. He denied that he represented himself as a counselor, and he testified that he never offered to counsel Fields. He also disputed Fields' account of events on the day of the assault. He stated that he wanted to return to his condo after the trip to the hospital because he was exhausted and needed to sleep before he drove Fields home, and she initially agreed. However, once they got to his home, Fields insisted on leaving. He felt too tired to drive her, but he was concerned that she should not take the bus because it was cold. Appellant testified that they fought and Fields threatened that he would never see his son again if he refused to take her home. Then he stated, "[N]ext thing I know she fell. She was on the ground. I don't know if she fell or sat herself down." He denied that he hit Fields.

The trial court found appellant guilty of assault and assessed his punishment at confinement in the Harris County Jail for fifty-six days.

## Sufficiency of the Evidence

In his sole issue, appellant argues that the trial court should have granted the motion for a directed verdict because the evidence was insufficient to demonstrate that he struck Fields with his hand as alleged in the information.

4

**A.      Standard of Review**

A challenge to the denial of a directed verdict is a challenge to the legal sufficiency of the evidence. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In conducting a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We defer to the factfinder to resolve conflicts, weigh the evidence, and draw reasonable inferences. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* Evidence is insufficient when (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, (2) the evidence conclusively establishes a reasonable doubt, or (3) the acts that the State alleges, if true, do not constitute the charged crime. *Kiffe v. State*, 361 S.W.3d 104, 107–08 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see Jackson*, 443 U.S. at 314–19, 99 S. Ct. at 2786–89; *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). "Such a charge is one that 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2001) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

A person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2014). Appellant was charged with intentionally or knowingly causing bodily injury to Fields, "a member of [his] family and a person with whom [he] had a dating relationship . . . by striking [her] with his hand." Thus, appellant was guilty of assault if he intentionally or knowingly caused Fields bodily injury by striking her with his hand. *See id.*; *Byrd*, 336 S.W.3d at 246.

**B. Analysis**

Appellant argues that the State failed to prove that he struck Fields with his hand. He argues that Fields "was unable to see what hit her and she did not testify that [he] used his hand when he 'punched her in the back of the head,'" and, thus, the State failed to prove the manner and means required for the charged assault.

However, Fields testified that when she attempted to leave appellant and get to the bus, he tried to stop her. He got in front of her "with his fist balled up in the air" and yelled at her. Fields stated that, as she walked around him to continue to the bus stop, he "got angry and punched [her] in the back of the head." Although Fields did not see how appellant struck her, she felt it and she testified that it was a "punch." The trial court, acting as the factfinder here, could make a rational inference from this testimony that appellant struck Fields with his hand. *See Hooper*, 214 S.W.3d at 13 (stating that we defer to factfinder to draw reasonable inferences); *see also Johnson v. State*, No. 14-01-00410-CR, 2002 WL 370199, at *3 (Tex. App.—Houston [14th Dist.] Mar. 7, 2002, pet. ref'd) (mem. op., not designated for publication) (holding that it was within trial court's discretion "to interpret 'punch' as a strike with the hand"); RANDOM HOUSE WEBSTERS UNABRIDGED DICTIONARY 725, 1567 (2nd ed. 2001) (defining "punch" as "a thrusting blow, especially with the fist" and "fist" as "the hand closed tightly").

Contrary to appellant's assertion, it was not necessary that a third party witnessed the assault, and we may rely on reasonable inferences drawn from both direct and circumstantial evidence in conducting our sufficiency review. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (holding that in analyzing sufficiency of evidence, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence

7

when viewed in the light most favorable to the verdict" and treat direct and circumstantial evidence equally). Fields' testimony alone was sufficient to support his conviction. *See Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd) (holding that complainant's testimony alone, if believed, is sufficient to support conviction for aggravated assault).

We conclude that the evidence was legally sufficient to support appellant's conviction. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Kiffe*, 361 S.W.3d at 107–08. We overrule his sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).