MAR. 27. 2015

**420-15**

ORIGINAL

HONORABLE COURT OF CRIMINAL APPEALS, ABEL ACOSTA, CLERK

COURT OF CRIMINAL APPEALS OF TEXAS

P.O. BOX 12308 CAPITOL STATION

AUSTIN, TEXAS 78711

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

RE: MELVIN MONROE BRIGHAM  V. THE STATE OF TEXAS
    CT. APP. NO. 13-14-00292-CR

DEAR MR. ACOSTA,

ENCLOSED FOR FILING IS THE ORIGINAL AND (1) ONE COPY OF APPELLANT-PETITIONER "PETITION FOR DISCRETIONARY REVIEW"

PLEASE GIVE NOTICE UPON RECEIPT.

THANK YOU RESPECTFULLY FOR YOUR ASSISTANCE.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 06 2015

Abel Acosta, Clerk

SINCERELY

APPELLANT - PETITIONER - PRO SE

COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN TEXAS


MELVIN MONROE BRIGHAM
    APPELLANT-PETITIONER

V.                        COA NUMBER 13-14-00292-CR

THE STATE OF TEXAS
    APPELLEE-RESPONDENT.


## PETITION FOR DISCRETIONARY REVIEW

PETITIONER-APPELLANT COMES INCOMPLIANCE OF APPELLATE RULES OF THE STATE OF TEXAS APPELLATE PROCEDURE IN ORDER TO ASSERT THAT THE 13TH COURT OF APPEALS WAS WRONG IN ITS DECISION TO AFFIRM THE CONVICTION OF THE TRIAL COURT OF THE 329TH DISTRICT COURT OF WHARTON COUNTY, TX.


## LEGAL ANALYSIS

THE COURT OF APPEALS INITIALLY CONFIRMS THAT PETITIONER WAS CONVICTED OF FAILING TO COMPLY WITH SEX OFFENDER REGISTRATION REQUIREMENTS UNDER TEX. CODE CRIM. PROC. ANN. ART. 62.102(a)(6)(3) AFTER ENHANCEMENT PARAGRAPHS... THE C.O.A. DOES NOT PROVIDE STATUTORY LAW PROPERLY WHEN IT STATES, "THE TRIAL COURT PUNISHED THE OFFENSE AS A FIRST-DEGREE FELONY" WHEN ART. 62.102(c) MERELY STATES "THE NEXT HIGHEST DEGREE OF FELONY" WHICH HAS NO PROBATIVE STANDARDS ON THE SENTENCE ENHANCEMENT PURPOSES THATS FIXED BY THE STATE'S INTENTIONS TO USE PRIORS AT THE SENTENCING PHASE... THE SOLE PURPOSE FOR SUBMITTING (4) FOUR PREVIOUS PLEA BARGAIN PRIORS WITH AN ADDITIONAL (2) PRIORS... TOTALLING (6) SIX PRIORS. PREJUDICED PETITIONER AT THE ABUSE OF DISCRETION STAGE BY THE TRIAL COURT AND INCOMPETENCE OF THE TRIAL COUNSEL TO ABANDON THE OBJECTION OF THE INDICTMENT WHEN ATTEMPTING TO CHALLENGE THE SUBMITTING OF THE ADDITIONAL PRIOR CONVICTIONS IN ORDER FOR THE STATE TO SATISFY ITS REGISTRATION CHARGE... WHERE IT FAIL TO DO SO DUE TO (1) EXPIRATION OF DUTY TO REGISTER ART. 62.101. AND FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS, AT (2) ART. 62.102 WERE GENERAL PENALTIES FOR NON-COMPLIANCE EXIST UNDER SUBCHAPTER C. WHICH WAS DURING TRIAL, NOT THE CASE-IN-CHIEF THEORISTIC INDICTMENT, BUT THE MERE FACT THAT... PETITIONER DID NOT NOTIFY THE FORMER WHARTON POLICE DEPARTMENT OFFICIAL IN A TIMELY MATTER OF 7 DAYS... UPON APPELLANT-PETITIONER INTENTION TO CHANGE RESIDENT WHERE HE RESIDES IN THE SAME UNIT WITH CORPORATE STATUS AND POWERS OF SELF-GOVERNMENT UNDER LOCAL LAW ENFORCEMENT AUTHORITY IN THE SAME

MUICIPALITY WHERE THE ... - PETITIONER RESIDES...THE BRIEFS AND PRESENT RECORDS OR SILIENT...
ON WHETHER LAW ENFORCEMENT OFFICIALS TO WIT: EL CAMPO INVESTIGATED OR CONSULT WITH THE FORMER
LAW OF AUTHORITY OFFICIAL THAT SHE REPLACED.. PRIOR TO NOTIFYING THE STATE OR
PROSECUTOR TO PROCEED IN ENFORCING SUCH MINOR INFRACTION THAT COULD HAVE BEEN RESOLVED.
PETITIONER MAIN POINT OF ERROR IS THE STATE AND COA PRIMARY REASON TO AFFIRM SUCH CONVICTION
BASED SOLELY ON RESIDING IN THE SAME MUNCIPALITY IS SO SMALL WHERE OVERZEAL-
-OUS ENFORCEMENT IS QUESTIONABLE ON ITS FACE... WHEN SOME CIRCUIT COURTS WILL REVERSE
SUCH PRIORS USED ON... BOTH ENHANCEMENT PROCEEDINGS BY THE TRIAL COURT CONSEQUENTLY
BECAUSE A MOTION TO WITHDRAW GUILTY PLEAS WOULD HAVE BEEN GRANTED IF THE SUFFICIENT
FACTS ON THE RECORD TO ESTABLISH EACH ELEMENT OF THE OFFENSE WOULD HAVE BEEN CHALLENGED
AND APPELLANT-PETITIONER PLEAS WAS INVALID. SEE: COMMONWEALTH V. LORING, 463
MASS. 1012 978 N.E.2d 763 (MASS. 2012).
WHATS NOT HAVE BEEN REASONABLE CONSIDERED BY THE APPELLATE COURT IS THE LEVEL OF
PERSPECTIVE, WHICH WAS SILIENT ON THE BRIEFS AND RECORDS WHEN DETERMINING SUCH
ELIGIBILITY LEVEL FOR REGISTRATION REQUIREMENT THAT PETITIONER DID NOT POSE A RISK OF
RE-OFFENSE OR A DANGER TO THE PUBLIC WHERE THE SEX OFFENDER REGISTRY ACT ALLOWS A
JUDGE (TRIAL COURT) IN CERTAIN CIRCUMSTANCES TO RELIEVE A SEX OFFENDER FROM SUCH
AGGRESIVE REGISTRATION REQUIREMENTS. BUT DOES NOT PERMIT A JUDGE (TRIAL COURT) TO
ORDER SUCH REGISTRATION WHICH IS QUESTIONABLE JUDICIAL LAW TO ENFORCE WHEN "THERE
WAS NO STATUTORY SUPPORT FOR POSITION..." WHEN THE STATES "STRAINED PARSING OF THE
TEXT" WAS "UNTENABLE" SEE: COMMONWEALTH V. VENTURA, 465 MASS 202, 987 N.E. 2d
1266 (MASS. 2013). UNDER AVAILABLE JURISDICTIONAL FORM BY STATUTORY LAW APPELLANT-
PETITIONER EXERCISING CLASSIFICATION STATUS UNDER JUDICIAL AND TEXAS SEX OFFENDER REGISTRY
BOARD BY AND THROUGH SUCH MOTION UNDER DENIAL OR REFUSE OF PETITION FOR DISCRETIONARY
REVIEW BY THIS COURT OF CRIMINAL APPEALS IS OF REASONABLE AND DEBATABLE LAW. SEE: SOE V.
SEX OFFENDER REGISTRY BOARD. 466 MASS. 381, 995 N.E. 2d 73 (MASS. 2013). FURTHER IN
CONFLICT DISAGREEMENT THAT SATISFIES THE INITIAL AND STANDARD REVIEW WHETHER THE COURT OF
APPEALS DECISION CONFLICTS WITH ANOTHER COURT OF APPEALS DECISION ON THE SAME ISSUE "WHEN
SUCH REGISTRY OF (7) DAYS APPLIED TO APPELLANT-PETITIONER BY TEXAS SEX OFFENDERS REGISTRY? "TO
KEEP THE REGISTRY CURRENT WHERE PETITIONER "RESIDES" NOT "RESIDED" IN THE SAME MUNICPALITY
WITHIN 7 DAYS...OR FACE STATE REGULATION THROUGH THEORY REGISTRATION REQUIREMENTS
UNDER STATE LAW AT THE DISCRETION OF THE PROSECUTOR OF ANY GIVEN STATE. SEE: UNITED STATES
V. MURPHY. 664 F.3d 798 (10TH CIR. 2011) SUPPORTED BY UNITED STATES V. LUNSFORD, 725 F.3d
859 (8TH CIR. 2013). THE SPECULATIVE INTENT TO RESIDE IN THE SAME AREA OR MUNICIPALITY
FOR FAILURE TO GIVE NOTICE TO LAW ENFORCEMENT OFFICIALS WITHIN 7 DAYS AND
RESULTS IN A

-2-

EXCESSIVE SENTENCE OF 25 YEARS THROUGH JUDICIAL LAW IS QUESTIONABLE ON ITS FACE AND...
TRIGGERS THIS COURT OF CRIMINAL APPEALS TO ACKNOWLEDGE THE IMPORTANT QUESTION OF STATE
AND FEDERAL LAW AND WHETHER THE COURT OF APPEALS HAS DECIDED THAT A STATUTE OR RULE IS
OF UNCONSTITUTIONAL OR APPEARS TO HAVE MISCONSTRUED A STATUTE OR RULE BY POLICY
ALONE. THAT CALLS FOR THE COURT OF CRIMINAL APPEALS JUDICIAL POWERS AND NO OTHER COURT REMEDY SUCH CALL... OF SUPERVISION OR JURISDICTION UNDER TEXAS COURTS STATE LAW.

APPELLANT-PETITIONER SOLE CLAIM IS BASED ON HOW SOMETHING SO DE MINIMIS IN LAW...
AND RISE TO VIOLATIVE DUE PROCESS AMENDMENT LAW.

ON FURTHER METHODS THE STATUS OF PETITIONER'S REGISTRICTION WAS UNDER THE TEXAS OFFICE OF
VIOLENT SEX OFFENDERS THAT THE STATE'S CIVIL COMMITTMENT PROGRAM MAY BE UNCONSTITUTIONAL
DUE TO THE WAY ITS MANAGED RULE VIOLATIONS... WHERE TEXAS SEEMS TO MIX AND MATCH
THE CIVIL AND CRIMINAL LAWS IN A VERY PROBLEMATIC WAY WHERE RULES ARE DESIGNED
TO RETURN CIVILLY COMMITTED SEX OFFENDERS TO PRISON. SUCH ISSUE IS AT THIS TIME...,
CALLING FOR REFORM AND CONTROVERSY THROUGH LEGISLATORS STATE GOVERNMENT.

## CONCLUSION

FOR THE FOREGOING REASONS ASSERTED IN THIS "PETITION FOR DISCRETIONARY REVIEW"
APPELLANT-PETITIONER ASK THAT THIS COURT OF CRIMINAL APPEALS GRANT RELIEF SOUGHT
SUA SPONTE.

APPELLANT-PETITIONER PRO SE

-3-

# COURT OF CRIMINAL APPEALS OF TEXAS

## AUSTIN    TEXAS

MELVIN MONROE BRIGHAM
     APPELLANT—PETITIONER,

V.

THE STATE OF TEXAS
     APPELLEE—RESPONDENT.

C.O.A NUMBER 13-14-00292-CR

## PETITION FOR DISCRETIONARY REVIEW

PETITIONER-APPELLANT COMES IN COMPLIANCE OF APPELLATE RULES OF THE STATE OF TEXAS APPELLATE PROCEDURE IN ORDER TO ASSERT THAT THE 13TH COURT OF APPEALS WAS WRONG IN ITS DECISION TO AFFIRM THE CONVICTION OF THE TRIAL COURT OF THE 329TH DISTRICT COURT OF WHARTON COUNTY. TX.

## LEGAL ANALYSIS

THE COURT APPEALS INITIALLY CONFIRMS THAT PETITIONER WAS CONVICTED OF FAILING TO COMPLY WITH SEX OFFENDER REGISTRATION REQUIRMENTS UNDER TEX. CODE CRIM. PROC. ANN. ART. 62.102(a)(b)(3) AFTER ENHANCEMENT PARAGRAPHS... THE C.O.A. DOES NOT PROVIDE STATUTORY LAW PROPERLY WHEN IT STATES "THE TRIAL COURT PUNISHED THE OFFENSE AS A FIRST-DEGREE FELONY" WHEN ART. 62.102(c) MERELY STATES "THE NEXT HIGHEST DEGREE OF FELONY" WHICH HAS NO PROBATIVE STANDARDS ON THE SENTENCE ENHANCEMENT PURPOSES THATS FIXED BY THE STATE'S INTENTIONS TO USE PRIORS AT THE SE-NTENCING PHASE... THE SOLE PURPOSE FOR SUBMITTING (4) FOUR PREVIOUS PLEA BARGAIN PRIORS WITH AN ADDITIONAL (2) PRIORS.. TOTALLYING (6) SIX PRIORS. PREJUDICED PETITIONER AT THE ABUSE OF DISCRETION STAGE BY THE TRIAL COURT AND INCOMPETENCE OF THE TRIAL COUNSEL TO ABANDON THE OBJECTION OF THE INDICTMENT WHEN ATTEMPTING TO CHALLENGE THE SUBMITTING OF THE ADDITIONAL PRIOR CONVICTIONS IN ORDER FOR THE STATE TO SATISFY ITS REGISTRATION CHARGE... WHERE IT FAIL TO DO SO DUE TO.(1) EXPIRATION OF DUTY TOO REGISTER ART. 62.101. AND FAILURE TO COMPLY WITH REGISTRATION REQUIREMENTS AT (2) ART. 62.102 WERE GENERAL PENALTIES FOR NON COMPLIANCE EXIST UNDER SUBCHAPTER C. WHICH WAS, DURING TRIAL, NOT THE CASE-IN-CHIEF THEORISTIC INDI--CTMENT. BUT THE MERE. FACT THAT... PETITIONER DID NOT NOTIFY THE FORMER WHARTON POLICE DEPARTMENT OFFICIAL IN A TIMELY MATTER OF 7 DAYS... UPON APPELLATE-PETITIONER INTENTION TO CHANGE RESIDENT WHERE HE RESIDES IN THE SAME UNIT WITH CORPORATE STATUS AND POWERS OF SELF-GOVERNMENT UNDER LOCAL LAW ENFORCEMENT AUTHORITY IN THE SAME

MUNICIPALITY WHERE THE ... - PETITIONER RESIDES... THE BRIEFS AND PRESENT RECORDS OR SILIENT ON WHETHER LAW ENFORCEMENT OFFICIAL. TO WIT: EL CAMPO INVESTIGATED OR CONSULT WITH THE FORMER LAW OF AUTHORITY OFFICIAL THAT SHE REPLACED ... PRIOR TO NOTIFYING THE STATE OR PROSECUTOR TO PROCEED IN ENFORCING SUCH MINOR INFRACTION THAT COULD HAVE BEEN RESOLVED. PETITIONER MAIN POINT OF ERROR IS THE STATE AND C.O.A. PRIMARY REASON TO AFFIRM SUCH CONVICTION BASED SOLELY ON RESIDING IN THE SAME MUNICIPALITY IS SO SMALL WHERE OVERZEAL- -OUS ENFORCEMENT IS QUESTIONABLE ON ITS FACE... WHEN SOME CIRCUIT COURTS WILL REVERSE SUCH PRIORS USED ON... BOTH ENHANCEMENT PROCEEDINGS BY THE TRIAL COURT CONSEQUENTLY BECAUSE A MOTION TO WITHDRAW GUILTY PLEAS WOULD HAVE BEEN GRANTED IF THE SUFFICIENT FACTS ON THE RECORD TO ESTABLISH EACH ELEMENT OF THE OFFENSE WOULD HAVE BEEN CHALLEN- -GED AND APPELLANT-PETITIONER PLEAS WAS INVALID. SEE: COMMONWEALTH V. LORING 463 MASS. 1012 978 N.E. 2d 763 (MASS. 2012).

WHATS NOT HAVE BEEN REASONABLE CONSIDERED BY THE APPELLATE COURT IS THE LEVEL OF PERSPECTIVE. WHICH WAS SILIENT ON THE BRIEFS AND RECORDS WHEN DETERMINING SUCH ELIGIBILITY LEVEL FOR REGISTRATION REQUIRMENT THAT PETITIONER DID NOT POSE A RISK OF RE- -OFFENSE OR A DANGER TO THE PUBLIC WHERE THE SEX OFFENDER REGISTRY ACT ALLOWS A JUDGE (TRIAL COURT) IN CERTAIN CIRCUMSTANCES TO RELIEVE A SEX OFFENDER FROM SUCH AGGRESIVE REGISTRATION REQUIRMENTS. BUT DOES NOT PERMIT A JUDGE (TRIAL COURT) TO ORDER SUCH REGISTRATION WHICH IS QUESTIONABLE JUDICIAL LAW TO ENFORCE WHEN "THERE WAS NO STATUTORY SUPPORT FOR THAT POSITION". WHEN THE STATE'S "STRAINED PARSING OF THE TEXT" WAS "UNTENABLE." SEE: COMMONWEALTH V. VENTURA, 465 MASS 202, 987 N.E. 2d 1266 (MASS. 2013). UNDER AVAILABLE JURISDICTIONAL FORM BY STATUTORY LAW APPELLANT- PETITIONER EXERCISING CLASSIFICATION STATUS UNDER JUDICIAL AND TEXAS SEX OFFENDER REGISTRY BOARD BY AND THROUGH SUCH MOTION UNDER DENIAL OR REFUSE OF PETITION FOR DISCRETIONARY REVIEW BY THIS COURT OF CRIMINAL APPEALS IS OF REASONABLE AND DEBATABLE LAW. SEE: SOE V. SEX OFFENDER REGISTRY BOARD, 466 MASS. 381, 995 N.E. 2d 73 (MASS. 2013). FURTHER IN CONFLICT DISAGREEMENT THAT SATISFIES THE INITIAL AND STANDARD REVIEW WHETHER THE COURT OF APPEALS DECISION CONFLICTS WITH ANOTHER COURT OF APPEALS DECISION ON THE SAME ISSUE." WHEN SUCH REGISTRY OF (7) DAYS APPLIED TO APPELLANT-PETITIONER BY TEXAS SEX OFFENDERS REGISTRY?, "TO KEEP THE REGISTRY CURRENT WHERE PETITIONER "RESIDES" NOT "RESIDED" IN THE SAME MUNICIPALITY WITHIN 7 DAYS... OR FACE STATE REGULATION THROUGH THEORY REGISTRATION REQUIREMENTS UNDER STATE LAW AT THE DISCRETION OF THE PROSECUTOR OF ANY GIVEN STATE. SEE: UNITED STATES V. MURPHY, 664 F.3d 798 (10TH CIR. 2011) SUPPORTED BY UNITED STATES V. LUNSFORD, 725 F. 3d 859 (8TH CIR. 2013). THE SPECULATIVE INTENT TO RESIDE IN THE SAME AREA OR MUNCIPALITY FOR FAILURE TO GIVE NOTICE TO LAW ENFORCEMENT OFFICIAL WITHIN 7 DAYS AND RESULTS IN A

EXCESSIVE SENTENCE OF 25 YEARS THROUGH JUDICIAL LAW IS QUESTIONABLE ON ITS FACE AND...
TRIGGERS THIS COURT OF CRIMINAL APPEALS TO ACKNOWLEDGE THE IMPORTANT QUESTION OF STATE
AND FEDERAL LAW AND WHETHER THE COURT OF APPEALS HAS DECIDED THAT A STATUTE OR RULE IS
OF UNCONSTITUTIONAL OR APPEARS TO HAVE MISCONSTRUED A STATUTE OR RULE BY POLICY ALONE,
THAT CALLS FOR THE COURT OF CRIMINAL APPEALS JUDICIAL POWERS AND NO OTHER COURT REMEDY
SUCH CALL... OF SUPERVISION OR JURISDICTION UNDER TEXAS COURTS STATE LAW.

APPELLANT-PETITIONER SOLE CLAIM IS BASED ON HOW SOMETHING SO DE MINIMIS IN LAW...AND
RISE TO VIOLATIVE DUE PROCESS AMENDMENT LAW.

ON FURTHER METHODS THE STATUS OF PETITIONERS REGISTRATION WAS UNDER THE TEXAS OFFICE OF VIOLENT
SEX OFFENDERS THAT THE STATE'S CIVIL COMMITMENT PROGRAM MAY BE UNCONSTITUTIONAL DUE TO
THE WAY IT'S MANAGED RULE VIOLATIONS... WHERE TEXAS SEEMS TO MIX AND MATCH THE CIVIL AND
CRIMINAL LAWS IN A VERY PROBLEMATIC WAY WHERE RULES ARE DESIGNED TO RETURN CIVILLY COMMI-
-TTED SEX OFFEDERS TO PRISON. SUCH ISSUE IS AT THIS TIME, CALLING FOR REFORM AND CONTROVERSY, THROU-
-GH LEGISLATORS STATE GOVERNMENT.

## CONCLUSION

FOR THE FOREGOING REASONS ASSERTED IN THIS "PETITION FOR DISCRETIONARY REVIEW"
APPELLANT-PETITIONER ASK THAT THIS COURT OF CRIMINAL APPEALS GRANT RELIEF SOUGHT
SUA SPONTE.

APPELLANT-PETITIONER-PRO SE



NUMBER 13-14-00292-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MELVIN MONROE BRIGHAM,                                              Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

On appeal from the 329th District Court
of Wharton County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Melvin Monroe Brigham, was convicted of failing to comply with sex

offender registration requirements, a second-degree felony. *See* TEX. CODE CRIM. PROC.

ANN. art. 62.102(a), (b)(3) (West, Westlaw through 2013 3d C.S.). After enhancement

paragraphs were found to be true, the trial court punished the offense as a first-degree

felony and sentenced Brigham to twenty-five years' imprisonment. *See id.* art. 62.102(c); TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2013 3d C.S.). On appeal, Brigham contends that the trial court erred by admitting evidence of a prior conviction. We affirm.

## I. BACKGROUND

In 2000, Brigham was convicted of indecency with a child by contact, a second-degree felony, and was sentenced to two years' incarceration. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2013 3d C.S.). Because of this conviction, Brigham is required to register as a sex offender for the remainder of his life. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West, Westlaw through 2013 3d C.S.) (stating that a conviction under penal code section 22.11 is a "reportable conviction or adjudication" for purposes of sex offender registration); *id.* art. 62.101(a)(1) (West, Westlaw through 2013 3d C.S.) (stating generally that a person's duty to register as a sex offender ends when the person dies if the person has a reportable conviction or adjudication for a "sexually violent offense"); *id.* art. 62.001(6)(A) (defining indecency with a child by contact, when committed by a person 17 years of age or older, as a "sexually violent offense").

On November 15, 2013, Brigham was indicted for failing to comply with the requirements of the sex offender registration statute. The indictment stated, in its entirety, as follows:

> THE GRAND JURY, for the County of Wharton, State of Texas, duly selected, empanelled, sworn, charged, and organized as such at the July–December Term A.D. 2013 of the District Court for said County, upon their oaths present in and to said Court at said term that MELVIN MONROE BRIGHAM hereinafter styled Defendant, on or about August 27, 2013 and before the presentment of this indictment, in the County and State

2

aforesaid, did then and there, while being a person required to register with the local law enforcement authority in the municipality where the defendant resided or intended to reside for more than seven days, to-wit: El Campo, because of a reportable conviction for Indecency with a Child, intentionally and knowingly fail to register with the local law enforcement authority in said municipality.

The State later filed notice that it intended to seek enhanced punishment pursuant to the following enhancement paragraphs:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 21ST Day of JULY, 2000, in cause number 13337 in the 329th District Court of Wharton County, Texas, the defendant was finally convicted of the felony offense of Indecency With A Child By Contact.

> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 13337 was final, the defendant committed the felony offense of Failure To Register As A Sex Offender and was finally convicted on the 19[t]h Day of OCTOBER, 2010, in cause number 16359 in the 329TH District Court of Wharton County, Texas.

See id. art. 62.102(c) ("If it is shown at the trial of a person for an offense or an attempt to commit an offense under this article that the person has previously been convicted of an offense or an attempt to commit an offense under this article, the punishment for the offense or the attempt to commit the offense is increased to the punishment for the next highest degree of felony."); TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2013 3d C.S.) (providing generally that, if it is shown on the trial of a felony offense other than a state jail felony that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for any term of not more than 99 years or less than 25 years).

At trial, during the State's case-in-chief, the State sought to admit four judgments

3

of conviction as its Exhibits 2 through 5. Exhibit 2 was a judgment in Wharton County District Court case number 10903, dated July 19, 2000, revoking Brigham's community supervision for a 1994 indecency with a child conviction and sentencing him to two years' imprisonment. Exhibit 3 was a judgment in Wharton County District Court case number 13337, dated July 21, 2000, finding Brigham guilty of indecency with a child by contact and sentencing him to two years' imprisonment, with the sentence to run concurrently with those rendered in trial court cause numbers 11905 and 13338. Exhibit 4 was a judgment in Wharton County District Court case number 13338, dated July 21, 2000, finding Brigham guilty of indecency with a child by contact and sentencing him to two years' imprisonment, with the sentence to run concurrently with those rendered in trial court cause numbers 11905 and 13337. Exhibit 5 was a judgment in Wharton County District Court case number 10904, dated July 19, 2000, revoking Brigham's community supervision for a 1994 indecency with a child conviction and sentencing him to two years' imprisonment, with the sentence to run concurrently with those rendered in trial court cause numbers 10903 and 11905.[1]

Defense counsel objected to the admission of the exhibits and asked the trial court to excuse the jury. After the jury was excused, the prosecutor explained that he sought to introduce the judgments in order to prove that Brigham was responsible for registering as a sex offender every ninety days. *See* TEX. CODE CRIM. PROC. ANN. art. 62.058(a) (West, Westlaw through 2013 3d C.S.). Defense counsel objected on several grounds. First, counsel complained that the indictment merely alleged that Brigham had been

---

[1] Exhibits 2, 3, and 5 listed the "Date Offense Committed" as September 27, 1990. Exhibit 4 listed the "Date Offense Committed" as October 11, 1992. Although Exhibits 3, 4 and 5 refer to a judgment rendered in trial court cause number 11905, no judgment of conviction with that cause number appears in the record.

4

previously convicted of indecency with a child, not indecency with a child by contact; and counsel noted that indecency with a child by means other than contact is not defined as a "sexually violent" offense and therefore would not subject Brigham to a ninety-day registration requirement. *See id.* art. 62.001(6)(A). Second, counsel noted that the indictment alleged merely that Brigham had been convicted once of indecency with a child, whereas the statute states that only those convicted *twice* of sexually violent offenses are subject to the ninety-day reporting requirement.[2] *See id.* art. 62.058(a).[3]

In response, the State argued that the defense waived any issue regarding the indictment by failing to complain prior to the empanelling of the jury. *See id.* art. 1.14(b) (Westlaw through 2013 3d C.S.). The State also argued that "we can prove [Brigham] was convicted of indecency with a child" because indecency with a child by contact is "one form" of indecency with a child.

Defense counsel then stated that "the indictment is not something that we're

---

[2] Defense counsel additionally objected on grounds that two of the judgments sought to be admitted—exhibits 2 and 3—had been set aside by the court that rendered them and were replaced by the two other judgments. Eventually, the State agreed that those two judgments had been superseded and it stated that it would not seek to admit those judgments as evidence.

[3] Subsection (a) of article 62.058 provides:

A person subject to registration under this chapter who has for a sexually violent offense been convicted two or more times, received an order of deferred adjudication two or more times, or been convicted and received an order of deferred adjudication shall report to the local law enforcement authority designated as the person's primary registration authority by the department not less than once in each 90-day period following the date the person first registered under this chapter to verify the information in the registration form maintained by the authority for that person. A person subject to registration under this chapter who is not subject to the 90-day reporting requirement described by this subsection shall report to the local law enforcement authority designated as the person's primary registration authority by the department once each year not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth to verify the information in the registration form maintained by the authority for that person. For purposes of this subsection, a person complies with a requirement that the person register within a 90-day period following a date if the person registers at any time on or after the 83rd day following that date but before the 98th day after that date.

TEX. CODE CRIM. PROC. ANN. art. 62.058(a) (West, Westlaw through 2013 3d C.S.).

5

objecting to"; rather, he explained that he was objecting to the admission of the convictions as evidence "because they haven't given notice to [Brigham] in the indictment." The prosecutor replied by noting that the State had previously filed notice that it would seek to admit evidence of extraneous offenses and bad acts, including the convictions at issue.[4] *See* TEX. R. EVID. 404(b). Defense counsel reiterated that he was "not objecting to the actual indictment itself." Instead, he stated he was "objecting to the fact that they can't introduce the offenses—these two offenses of sexual assault by

---

[4] The notice stated as follows:

COMES NOW THE State of Texas, by and through her Criminal District Attorney and the undersigned Assistant District Attorney and files this State's Notice of Intent to Offer Evidence of Extraneous Offenses and Bad Acts pursuant to Articles 37.07 and 38.37 of the Texas Code of Criminal Procedure and Rule 404(b), and 609 of the Texas Rules of Evidence.

I.

The Defendant was convicted of INDECENCY WITH A CHILD BY CONTACT and was sentenced to 2 years in TDC in Cause #10903 in the 329th District Court of Wharton County on 7-19-2000 after being revoked from probation from said offense;

II.

The Defendant was convicted of INDECENCY WITH A CHILD BY CONTACT and was sentenced to 2 years in TDC in Cause #10904 in the 329th District Court of Wharton County on 7-19-2000 after being revoked from probation from said offense—reduced from Aggravated Sexual Assault of a Child;

III.

The Defendant was convicted of INDECENCY WITH A CHILD BY CONTACT and was sentenced to 2 years in TDC in Cause #13338 in the 329th District Court of Wharton County on 7-21-2000;

IV.

The Defendant was convicted of PCS and was sentenced to 2 years in STATE JAIL in Cause #11905 in the 329th District Court of Wharton County on 7-19-2000 after being revoked from probation from said offense.

We note that the code of criminal procedure articles cited by the State in its notice were not applicable to the admission of evidence at the guilt-innocence phase of Brigham's trial. *See id.* art. 37.07 (West, Westlaw through 2013 3d C.S.) (stating that, at the punishment phase of trial, evidence may be offered "as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . ."); *id.* art. 38.37 (West, Westlaw through 2013 3d C.S.) (stating that "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters" in prosecutions for certain sexual and assaultive offenses not including prosecutions for failure to comply with sex offender reporting requirements).

6

contact to try to get to the fact that he is a 90-day required registrant because there's no notice of that in the indictment at all." In other words, defense counsel asserted that the State "can't prove their indictment by using other things other than what they've alleged in the indictment." The prosecutor argued that "notice of those convictions is adequate" because "[t]hose are just different mechanisms for proving indecency with a child, either you touch a child or you expose a child but the conviction is the same." Defense counsel urged instead that "there's a big difference" between indecency with a child by contact and indecency with a child by exposure, in that the former is considered a "sexually violent" offense under chapter 62 and the latter is not. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A). Counsel further noted that the difference between a one-year reporting requirement and a ninety-day reporting requirement is important because the degree of offense for failing to comply with reporting requirement changes based on the required reporting period. *See id.* art. 62.102(b) (stating that failure to comply with the requirements of chapter 62 is a second-degree felony if the defendant is required to verify registration every ninety days, but is a third-degree felony if the defendant is required to verify registration once each year).

After a recess, the trial court asked the attorneys to "make the best argument they can." Defense counsel argued that it would be "prejudicial" to admit evidence of convictions for indecency with a child by contact because "[t]he notice that the Defendant received was one reportable conviction with it being indecency with a child and, thus, a one year report[ing requirement under chapter 62]." *See id.* art. 62.058(a). The State replied as follows:

> The Defense is saying that—that we're trying to prove that he's a 90-day registrant. There's nothing about being a 90-day registrant in the

7

indictment. Under Chapter 62, if you change your address and you do not report your change of address, whether you're a 90-day registrant or whether you're an annual registrant, that failure to report your change of address is a felony under Chapter 62.102.

That is all the State is seeking to prove in this case . . . . we will offer State's Exhibit 3 to prove that is—that he has a reportable conviction for indecency with a child.

Under the State's theory of the case in the indictment, it doesn't matter if it's indecency by contact or indecency by exposure, because the State doesn't have to prove in this case that he's a 90-day registrant. All the State has to prove is that (a) he has a reportable conviction and is required to report any change of address and (b) that he failed to do so.

And that is what we're prepared to do. . . . [T]hat is what the State intends to prove.

In other words, the State, contended that Brigham was being charged for failure to report an address change rather than simply failing to register. See id. art. 62.055(a) (West, Westlaw through 2013 3d C.S.).[5] The State contended that the exhibits should therefore be admitted "because in order to prove that he was required to register, we have to prove that he's been convicted of a reportable offense. It's a required element." Defense counsel asserted that "it's news to the Defense that now the State is alleging that he failed to notify the proper authorities of a change of address. I can't figure that out from the

---

[5] Subsection (a) of article 62.055 states:

If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the [Department of Public Safety] and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

Id. art. 62.055(a) (West, Westlaw through 2013 3d C.S.).

8

indictment."

The trial court sustained defense counsel's objection to exhibits 2, 3 and 5 but denied the objections as to exhibit 4 and admitted that exhibit into evidence. Following trial, Brigham was convicted and this appeal followed.[6]

## II. DISCUSSION

By a single issue on appeal, Brigham argues that the trial court erred by admitting State's Exhibit 4 into evidence, over his counsel's objection, "when the state did not allege this conviction in the indictment."

Although the title of Brigham's appellate issue appears to complain about the admission of evidence, the authority he cites in his brief pertains chiefly to deficiencies in indictments. See TEX. CODE CRIM. PROC. ANN. art. 21.01 (West, Westlaw through 2013 3d C.S.) ("An 'indictment' is the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense."); id. art. 21.03 (West, Westlaw through 2013 3d C.S.) ("Everything should be stated in an indictment which is necessary to be proved."); Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001); see also United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000). To the extent Brigham complains on appeal that the indictment was insufficient or erroneous in any way, the State argues that he waived any such issue by failing to object before trial. We agree. Subsection (b) of article 1.14 of the code of criminal procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or
> substance in an indictment or information before the date on which the trial
> on the merits commences, he waives and forfeits the right to object to the

---

[6] The State submitted its appellate brief to this Court one day after it was due to be filed, see TEX. R. APP. P. 38.6, and contemporaneously moved for leave to file the brief. We hereby grant the motion and accept the brief.

9

defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Because Brigham did not object to the indictment "before the date on which the trial on the merits commence[d]," he waived and forfeited his right to complain about the indictment on appeal. *See id.*

Within his sole issue, Brigham additionally contends that there was a "material and fatal" variance between the allegations in the indictment and the proof adduced at trial. In particular, Brigham alleges that "[i]ndecency by contact and indecency by exposure are two different elements" and that he "was entitled to have notice as to what predicate offense the state was claiming in his indictment which triggered the registration requirement." He cites *Gollihar*, in which the Texas Court of Criminal Appeals noted:

> It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process. These standards no more than reflect a broader premise that has never been doubted in our constitutional system: that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend.

46 S.W.3d at 246 (quoting *Jackson v. Virginia*, 444 U.S. 307, 315 (1979)).

"A 'variance' occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial." *Gollihar*, 46 S.W.3d at 246. "[A] material variance renders a conviction infirm, and the only remedy is to render an acquittal." *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). But a variance is immaterial if it "is not prejudicial to a defendant's 'substantial rights'." *Gollihar*, 46 S.W.3d at 246. In determining whether substantial rights have been prejudiced, we ask (1) "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial," and (2) "whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being

10

prosecuted later for the same crime." *Id.* (citation omitted). The Texas Court of Criminal Appeals recently held, in a case for failure to comply with sex offender registration requirements, that

> although the State may be permitted to plead multiple statutory manner and means in the charging instrument, it could choose to plead only one. However, in so doing, the State is required to prove that the defendant committed the alleged crime using that specific statutory manner and means, and it may not rely on any other statutory manner and means of committing the crime it did not plead in the charging instrument.

*Thomas*, 444 S.W.3d at 8. Brigham notes that the State did not plead in the indictment that he had been previously convicted of indecency with a child *by contact*, and he argues that, by introducing Exhibit 4, the State impermissibly relied on an alternative "manner and means of committing the crime" than that which was alleged in the indictment.

We disagree. Brigham does not cite any authority, and we find none, establishing either (1) that the State must allege in the indictment the particular conviction which obligated the defendant to register as a sex offender, or (2) that "indecency with a child" does not include "indecency with a child by contact." The relevant section of the penal code is entitled "Indecency With a Child" and encompasses both indecency by contact and indecency by exposure. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (a)(2). Here, the indictment alleged that Brigham had been convicted of "Indecency With a Child" but did not specify whether that conviction was for indecency by exposure or indecency by contact.[7] The evidence at trial—in particular, State's Exhibit 4—then established that

---

[7] Under the penal code, indecency with a child by contact and indecency with a child by exposure are felonies of different degrees. *See* TEX. PENAL CODE ANN. § 21.11(d) (West, Westlaw through 2013 3d C.S.) (defining the former as a second-degree felony and the latter as a third-degree felony). But a defendant convicted of either offense is required to register under chapter 62. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West, Westlaw through 2013 3d C.S.). In any event, as noted, to the extent Brigham complains that the indictment was insufficiently specific or otherwise erroneous, he has waived that complaint by failing to raise it prior to trial. *Id.* art. 1.14(b) (West, Westlaw through 2013 3d C.S.).

11

Brigham had been convicted of indecency with a child, which is exactly what the indictment alleged. The fact that Brigham committed the offense "by contact" as opposed to "by exposure" does not mean that the evidence contradicted or varied from the allegations made in the indictment. We do not believe that there was any discrepancy between the allegations made in the indictment and the proof adduced at trial.

We finally address Brigham's general contention that the trial court erred by admitting State's Exhibit 4 into evidence. We review the admission of evidence for abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Brigham contends: "The indictment alleges only indecency with a child, not by contact. Defendant did not have notice."

> Texas Rule of Evidence 404(b) provides:
>
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b). Here, the State provided written notice well before trial that it would seek to introduce evidence of Brigham's prior convictions. Moreover, State's Exhibit 4 was not offered to prove that Brigham "act[ed] in conformity therewith", *see id.*—it evidenced a conviction for indecency with a child, whereas Brigham was charged in the instant case with a separate crime, i.e., failing to comply with reporting requirements. Instead, the exhibit was offered in order to prove an element of the charged offense; i.e., that Brigham was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.101(a). The evidence was admissible as relevant to that issue. *See* TEX. R. EVID.

12

402 (stating that relevant evidence is generally admissible); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) ("A trial court's 404(b) ruling admitting evidence is generally [not an abuse of discretion] if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue."). We conclude the trial court did not err by admitting State's Exhibit 4.[8]

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
5th day of March, 2015.

---

[8] Brigham also cursorily alleges within his sole issue that "the evidence presented at trial was insufficient to prove the elements of the offense that the state itself had chosen to allege" and that "defendant's due process rights were violated." However, he does not support these arguments with citations to authority or record references; therefore, the issues are waived. *See* TEX. R. APP. P. 38.1(i).



MELVIN MONROE BRIGHAM 1926448 #
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

NORTH HOUSTON TX 773
22 APR 2015 PM 11

COURT OF CRIMINAL APPEALS OF TEXAS
OFFICE OF THE CLERK
P.O. BOX 12308 CAPITOL STATION
AUSTIN, TEXAS 78711

78711230808