

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00335-CR

**JOSEPH CLYDE FORD,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2013-1178-C1**

## MEMORANDUM OPINION

The trial court convicted Joseph Clyde Ford of the offense of failure to register as a sex offender. The trial court found the enhancement paragraph to be true and assessed punishment at twenty years confinement. We affirm.

In the sole issue on appeal, Ford contends that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Betty Wilson, with the Waco Police Department, testified that Ford completed a sex offender registration form January 25, 2012. On that form, Ford listed his residence as 1217 Mary, Waco, Texas. That address is the location for a shelter, My Brother's Keeper. On October 17, 2012, Ford again registered his address with the Waco Police Department as 1217 Mary in Waco. Ford did not register with the Waco Police Department after October 17, 2012. Wilson testified that on March 28, 2013, she contacted My Brother's Keeper, and she was told that Ford was no longer living there. Ford never informed Wilson that he was no longer living at My Brother's Keeper.

Officer Richard Johnson, with the Waco Police Department, testified that on March 31, 2013, Betty Wilson contacted him and asked him to go by My Brother's Keeper to see if Ford was staying there. After learning that Ford was not at My Brother's Keeper, Officer Johnson found Ford at another location. Ford told Officer Johnson that he was no longer staying at My Brother's Keeper because they were going to charge him money to stay there. Officer Johnson testified that Ford told him he was staying at "tent city" over by the Brazos River. Officer Johnson told Ford he needed to contact Betty Wilson for registration.

Carlton Willis testified that he is the program director for Mission Waco, which runs My Brother's Keeper. Willis stated that a person staying at My Brother's Keeper would have to sign-up daily to stay at My Brother's Keeper and is not allowed to sign-up to stay multiple nights. An individual staying at My Brother's Keeper is required to check-out each morning and to sign-in when arriving at night. My Brother's Keeper maintains records detailing who stays at the facility. Willis testified that My Brother's

Keeper charges a nominal fee to stay at the facility. If a person is unable to pay the fee, he will be assigned a chore to cover the fee. Willis stated that Ford last stayed at My Brother's Keeper on August 14, 2012. Willis testified that if an individual was sleeping or staying outside of the building, he would be asked to leave.

Ford testified that he informed Betty Wilson that he was not staying inside the building of My Brother's Keeper. He testified that he told her My Brother's Keeper was charging him to stay there so he "may be there or around about there." Ford further testified that he never told Officer Johnson he was staying at "tent city."

To support a conviction for failure to register as a sex offender, the State was required to prove that Ford: (1) was required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure, and (2) failed to comply with Article 62.055(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 62.055(a). Section 62.055 (a) provides alternative manners and means of committing an offense. *Thomas v. State*, 444 S.W.3d 4, 9-10 (Tex. Crim. App. 2014). A person commits an offense if he (1) fails to report a change of address "not later than the seventh day before the intended change," or (2) fails to report "not later than the ... seventh day after changing the address." *Id* at 10.

In this case, as in *Thomas*, the indictment was not as broad as authorized by law because the State alleged a specific manner and means. *See Thomas v. State*, 444 S.W.3d at 10. As a result of specifying a specific statutory manner and means in the indictment, the "law as authorized by the indictment" in this case allowed Ford to be convicted only

if he failed to report a change in address "not later than the seventh day before the intended change."

Ford argues that the evidence was insufficient to show that he moved or intended to move from My Brother's Keeper. In *Thomas*, the appellant registered his address as an apartment on South Green Street. *Thomas v. State*, 444 S.W.3d at 6. The Longview Police Department contacted the manager of the apartment to ask if she was aware a registered sex offender was residing at the apartment. The manager indicated that she was not and asked the police to issue a criminal trespass warning to Appellant. Appellant was arrested on outstanding warrants, and he gave another address on Houston Street when he was booked into the county jail. On June 25, an officer went to the South Green address to ask the manager if Appellant was residing there, and the manager said he was not. The officer then went to the address on Houston Street where he found Appellant. Appellant told the officer that he was staying at the residence on Houston Street.

The Court found that the factfinder was entitled to believe the officer's testimony that Appellant told him he lived on Houston Street as of June 25 and to disregard other contrary testimony that he lied about moving. *Thomas v. State*, 444 S.W.3d at 10. The Court stated that the factfinder could have further "reasonably concluded that Appellant was guilty of the charged crime because he never reported his intended change in address in person and at least seven days before his intended move on June 25." *Id*. The Court noted that the latest date on which Appellant could have complied with the law to report his intended change in address would have been June 18, but Appellant never appeared in person to report his intended change of address. *Id*. at 10-11.

The facts in this case are similar to those in *Thomas*. Officer Johnson testified that on March 31, 2013, Ford told him he was no longer living at the My Brother's Keeper address and that he was living at "tent city." The factfinder was entitled to believe Officer Johnson's testimony that as of March 31, 2013, Ford said he lived at "tent city." Ford was therefore required to report his intended change of address at least seven days prior to that date. The record shows that Ford did not report his intended change of address prior to March 24, 2013. We find that the evidence is sufficient to support Ford's conviction for failure to register as a sex offender. We overrule the sole issue.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 5, 2015
Do not publish
[CR 25]

