

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00178-CR

_____

ANDREW MACEDONIO CORTEZ A.K.A ANDREW MARTINEZ CORTEZ,
Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1527326R

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In a single point, Appellant Andrew Macedonio Cortez appeals his conviction for violation of the sex-offender-registration requirements. *See* Tex. Code Crim. Proc. Ann. art. 62.055(a). Cortez argues that the trial court erred by denying his motion to quash the indictment because it impermissibly charged two offenses as one count. Because the court of criminal appeals has held that the crime of failure to register is "one crime per move," we overrule Cortez's sole point and affirm the trial court's judgment.

## Background

Because Cortez was convicted of aggravated sexual assault with a deadly weapon in 2003, he was required to register as a sex offender. In 2015, Cortez registered with a Kennedale address. He registered with the same Kennedale address in 2016 and February 2017. However, in May 2017, a detective with the Abilene Police Department contacted Kennedale Police Sergeant Dagnell, the officer who had overseen Cortez's sex-offender registration, and informed Sergeant Dagnell that Cortez was living in Abilene. Appellant never registered as a sex offender in Abilene.

In a single-count, two-paragraph indictment, the State charged Cortez with failure to comply with sex-offender-registration requirements. It alleged in the first paragraph that Cortez had failed to report his anticipated move date and new address to the Kennedale Police Department. The State alleged in the second paragraph that Cortez had failed to register his new address with the Abilene Police Department.

Cortez filed a motion to quash the indictment in which he alleged that the indictment impermissibly charged two separate offenses as one count when it should have charged the offenses as two counts, permitting the jury to render a nonunanimous verdict. The trial court disagreed and overruled the motion to quash. A jury then found Cortez guilty, and the trial court assessed his punishment at 30 years' confinement.[1]

**Discussion**

Cortez argues on appeal that the trial court erred by not quashing his indictment because the offense of not notifying Kennedale police before he moved and not notifying Abilene police after he moved are two separate offenses.

Article 62.055(a) of the code of criminal procedure requires any sex offender subject to Chapter 62's registration requirements to notify local law enforcement in person of any planned change of address no later than the seventh day before the intended change. Tex. Code Crim. Proc. Ann. art. 62.055(a). Once the registered sex offender moves, the same statute requires the offender to report to local law enforcement within the municipality or county to which the person has moved and provide his proof of identity and address. *Id.*

The court of criminal appeals has held that the failure of a sex offender to report an intended and then completed change of address is "one crime per move,"

---

[1]Cortez pleaded true to the habitual offender notice in his indictment, and the trial court found the enhancement allegations true.

not two, meaning that the legislature's intended unit of prosecution is one offense for each change of address. *Young v. State*, 341 S.W.3d 417, 426 (Tex. Crim. App. 2011). The gravamen of article 62.055(a), then, is the obscuring of a sex offender's whereabouts. As the court has explained,

> The primary purpose of creating and maintaining a sex-offender registry is to "give local law enforcement officers a means of monitoring sex offenders who are living within their jurisdiction in order better to thwart repeat offenses." Knowing where a sex offender lives is arguably the simplest and best way to monitor him. By failing to report where he is residing, the sex offender is subverting the objective of the registry. The community and law enforcement want to know where the sex offender lives so they may take proper precautions.

*Id.* at 426 (footnotes omitted).

The court of criminal appeals has likened failing to register as a sex offender to failing to stop and render aid. *Id.* at 426–27; *see* Tex. Transp. Code Ann. § 550.021(a). As the court explained, section 550.021(a) provides three ways in which an accident-involved driver may commit the offense of failing to stop and render aid: the failure to stop at the scene of the accident, the failure to return to the scene of the accident, or the failure to remain on the scene. *See Young*, 341 S.W.3d at 427 (quoting *Huffman v. State*, 267 S.W.3d 902, 904 (Tex. Crim. App. 2008)); *see also Robinson v. State*, 466 S.W.3d 166, 171–72 (Tex. Crim. App. 2015) (referencing *Young*'s analogy to the failure-to-stop-and-render-aid statute in identifying culpable mental state for chapter 62). Each of these is simply a different manner and means of violating the same statute, and jurors "need not be unanimous concerning the specific manner and

means of the violation" to convict a defendant of failing to stop and render aid. *Young*, 341 S.W.3d at 427.

Similarly, article 62.055(a)'s sex offender notification "can be violated in either of two ways. The focus of the statute is on giving notification to law enforcement and not the means by which a sex offender failed to do so." *Id.* Therefore, the court held, "Jurors must unanimously agree only that a sex offender failed to fulfill his reporting duty; they are not required to agree as to how he failed that duty." *Id.* at 427–28; *see also Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014) (stating that under article 62.055, a hypothetically correct jury charge would require a jury to find a defendant guilty "if (1) he was required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure, and (2) he failed to comply with Article 62.055(a) of the Texas Code of Criminal Procedure" and referencing *Young* for the proposition that allegations of different violations of article 62.055 are "alternative manners and means of committing a single offense").

In an attempt to circumvent *Young*, Cortez argues that the court of criminal appeals negated its holding in *Young* three months after the opinion was released with the opinion of *Cosio v. State*, 353 S.W.3d 766 (Tex. Crim. App. 2011). We disagree. *Compare id.* at 772–76 (discussing units of prosecution in aggravated sexual assault and indecency cases),[2] *with Thomas*, 444 S.W.3d at 10 (reaffirming *Young*'s "alternative

---

[2]In *Cosio*, the appellant was convicted of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. 353 S.W.3d at

5

manners and means of committing a single offense" in discussing the hypothetically correct jury charge in a failure-to-comply-with-article-62.055 case), *and  Herrell v. State*, No. 02-16-00432-CR, 2018 WL 1865881, at *3 (Tex. App.—Fort Worth Apr. 19, 2018, pet. ref'd) (mem. op., not designated for publication) ("There are two alternative manners and means of violating article 62.055(a).").

As *Young* is directly on point and as its applicability was reaffirmed by the court in *Thomas* three years after *Cosio*, we overrule Cortez's sole point.

## Conclusion

Having overruled Cortez's sole point, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 28, 2019

---

769.  He complained on appeal that because there was evidence of several instances of sexual misconduct that could have satisfied the charged offenses, the trial court erred by failing to instruct the jury that it must be unanimous about which instance of criminal conduct satisfied each offense charged.  *Id.*  The court of criminal appeals agreed.  *Id.*  But *Cosio* did not involve a charge that alleged different manners and means of violating the same statute.  Instead, the charge in *Cosio* alleged different allegations of sexual misconduct, each of which constituted a separate unit of prosecution.  Because each different allegation of sexual misconduct was a single incident of criminal conduct constituting a separate unit of prosecution, the State was required to elect as to which act it would rely upon for the conviction.  *Id.* at 772–76.  Under those facts, without a unanimity instruction, the charge impermissibly allowed for the possibility that the jury rendered a non-unanimous verdict.  *Id.* at 774.

6