**Affirmed and Memorandum Opinion filed October 17, 2023.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00580-CR

**RODRICK WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1647125**

## MEMORANDUM OPINION

In this appeal from a conviction for aggravated robbery, appellant argues in a single issue that the judgment should be reversed because the evidence is legally insufficient to support the conviction. For the reasons that follow, we overrule this issue and affirm the trial court's judgment.

## BACKGROUND

The complainant was robbed as he was walking out of a bank. Using surveillance footage from the bank's parking lot, the police identified a suspect as a man who drove away in a silver sedan with visible damage on the rear driver's side.

Believing that the robbery was part of a larger trend of "bank jugging"—which is a type of robbery in which the robber watches and preys on individuals leaving banks or ATMs—the police initiated an undercover surveillance of the bank where the complainant's robbery took place. Six days after that robbery, the undercover team encountered the same sedan that was recorded on the surveillance footage.

The sedan exhibited suspicious behavior. It would circle the bank's parking lot or park in a position that faced the bank's entrance, but no one would ever exit the sedan and engage in any sort of business or transaction with the bank. The sedan would then drive to at least three additional banks and repeat this same process.

The police initiated a traffic stop of the sedan, and appellant was found to be driving. Appellant's picture was then placed in a photo array and shown to the complainant, who identified appellant as his assailant. Following appellant's subsequent charge, the complainant identified appellant in court as the man who had robbed him. Based in part on that identification, a jury convicted appellant and assessed his punishment at five years' imprisonment.

## ANALYSIS

In a sufficiency challenge, a reviewing court must determine whether a rational trier of fact could have found the essential elements of an offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The offense here was aggravated robbery, and under the circumstances of this case,

the prosecution had the burden of proving the following essential elements: (1) appellant committed a robbery; (2) appellant caused bodily injury to the complainant; and (3) the complainant was sixty-five years of age or older. *See* Tex. Penal Code § 29.03(a)(3)(A).

Appellant does not dispute that a robbery occurred, that the complainant suffered bodily injury, or that the complainant was over the age of sixty-five. Rather, appellant only challenges the element of identity—i.e., whether there was legally sufficient evidence that he was the person who committed the charged offense. We limit our analysis accordingly. *See Murray v. State*, 457 S.W.3d 446, 448 n.1 (Tex. Crim. App. 2015) (solely addressing the element of the offense that was challenged on appeal). And in assessing whether the evidence was legally sufficient as to the element of identity, we consider all of the evidence in the light most favorable to the verdict. *See Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018).

There was direct evidence of identity in this case. There was testimony from an officer that the complainant identified appellant in a photo array, and the complainant testified in court that appellant was his assailant. This evidence alone is sufficient for a rational jury to find the element of identity beyond a reasonable doubt.

There was also circumstantial evidence of identity, in that appellant was found driving a distinctive sedan that matched the same vehicle captured on the surveillance footage. That evidence likewise supports the jury's finding that appellant was the person who committed the aggravated robbery.

Appellant makes a series of counterarguments, all of which challenge the jury's implied finding of identity. He begins by arguing that he could not have committed the aggravated robbery because the suspect seen on the bank's surveillance footage does not match his own physical description. Appellant points

3

out that he—and not the suspect—has long braided hair, which was not apparent in the surveillance footage at all. Appellant recognizes that the suspect in the footage was wearing a hoodie, which concealed his hair, but appellant still suggests that he could not have been the suspect because his hair would have created a bulge under the hoodie, which was not apparent either. We cannot indulge these points because they all lead to inferences that were rejected by the jury, and under our standard of review, we must consider all of the evidence in the light most favorable to the jury's decision. *See Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) ("The evidence is not rendered insufficient simply because appellant presented a different version of events."). Furthermore, we note that the surveillance footage was not recorded in high resolution, and it does not clearly or conclusively exculpate appellant. *See Brooks v. State*, 323 S.W.3d 893, 907 (Tex. Crim. App. 2010) (plurality op.) (explaining that a finding of guilt would not be rational if video evidence clearly showing the defendant's innocence contradicted witness testimony showing the defendant's guilt).

Appellant also argues that the evidence is insufficient because he does not match the descriptions of the assailant that were given by the complainant. But there was a clear conflict in the evidence as to this point, and the existence of such a conflict does not establish that the evidence is legally insufficient. Rather, we presume that the jury resolved that conflict in favor of the verdict. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) ("We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution.").

Appellant focuses next on the photo array, which he contends was irregularly administered. But insofar as appellant believes that the photo array was impermissibly suggestive, and therefore inadmissible, that argument has no bearing

on a sufficiency analysis, which considers both properly and improperly admitted evidence. *See Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) ("When assaying the record for evidentiary sufficiency, we consider all of the admitted evidence, even if it was improperly admitted.").

Appellant also suggests that the photo array should have been disregarded because it does not reflect the certainty of the complainant's identification. But even if true, this point does not establish that there was no evidence of identity.

Appellant turns next to the complainant's in-court identification, which he challenges because the complainant claimed to need his glasses during the trial, despite not wearing any glasses at the critical time of the offense. This point merely attacks the weight and credibility of the complainant's in-court identification, which we do not reevaluate in a sufficiency analysis. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ("Under a legal sufficiency review, our role is not to become a thirteenth juror. This Court may not reevaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the factfinder.").

In his last point, appellant focuses on the silver sedan. Because the prosecution did not produce any direct evidence regarding the ownership of that sedan, appellant suggests that the jury could not have concluded that he was the person driving the sedan on the day of the robbery. Again, this argument must fail under our standard of review. The complainant's direct testimony places appellant at the scene of the robbery. The jury could have reasonably determined that appellant was the person who committed the robbery on the basis of that testimony alone. That determination is further supported by the distinctiveness of the sedan, which police identified several days later when appellant was behind the wheel. *See State v. Baldwin*, 664 S.W.3d 122, 131 (Tex. Crim. App. 2022) (holding that a magistrate

could have reasonably concluded that the defendant was involved in an offense based on vehicular sightings that were too similar and too coincidental to be unrelated).

For all of the foregoing reasons, we conclude that a rational jury could have found the essential element of identity beyond a reasonable doubt.

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).