

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00008-CR

BEVERLY HOBBS UPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 87th District Court
Freestone County, Texas[1]
Trial Court No. 22-216CR, Honorable Patrick H. Simmons, Presiding

September 16, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Beverly Hobbs Upson, appeals her conviction for the offense of tampering with or fabricating physical evidence[2] and resulting sentence of six years' incarceration. We affirm the judgment of the trial court.

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the transferor court and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 37.09(a)(1).

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 1, 2022, Appellant was arrested and taken to the Freestone County Jail to be processed. Upon arriving at the jail, Appellant was adamant that she needed to go to the restroom. Because there were no female officers available, Appellant was allowed to use the restroom but was instructed not to flush the toilet. An officer stood outside the restroom door listening until Appellant was finished. Immediately after Appellant exited, the officer inspected the restroom to "make sure there was nothing out of place." The officer saw a large chunk of toilet paper at the bottom of the toilet that appeared to have something "slightly protruding" out of it. The officer moved the toilet paper with a pencil and saw "the tip of a glass cylinder." Upon removing the item from the toilet and unwrapping it, the officer discovered a glass pipe that was approximately three inches long.

Appellant was subsequently indicted for the offense of tampering with physical evidence. After hearing evidence, a jury found Appellant guilty. After a brief punishment hearing, on November 30, 2023, the trial court sentenced Appellant to six years' incarceration. The trial court issued a judgment reflecting the conviction and sentence. In it, the trial court assessed $330 in court costs and ordered Appellant to pay those court costs immediately. The record does not reflect that the trial court inquired into Appellant's ability to immediately pay all or part of these court costs. On December 20, 2023, the trial court held a hearing on Appellant's motion for bond pending appeal. At no point during this hearing did Appellant raise the issue that the trial court did not hold an on-the-record inquiry into her ability to immediately pay the $330 in court costs assessed by the judgment. Further, at this hearing, Appellant's counsel stated that Appellant "has the

2

ability to make a $10,000 bond." The record does not include any objection to the trial court's failure to hold an on-the-record inquiry into Appellant's immediate ability to pay the court costs. Appellant timely appeals the trial court's judgment.

By her appeal, Appellant presents two issues. By her first issue, Appellant contends that the evidence was insufficient to support her conviction for the offense of tampering with physical evidence. Appellant contends, by her second issue, that the trial court erred by failing to conduct an on-the-record inquiry into her ability to immediately pay court costs.

### ISSUE ONE: EVIDENTIARY SUFFICIENCY

By her first issue, Appellant contends that the evidence was not sufficient to support her conviction for the offense of tampering with physical evidence. Specifically, she argues that the evidence establishes that she merely abandoned the pipe rather than concealed it.[3]

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense

---

[3] Appellant does not challenge the sufficiency of the evidence establishing that she put the pipe in the toilet, knew that an offense had been committed, knew that the pipe would be evidence in a subsequent trial, or intended to impair the pipe's availability as evidence at a subsequent trial. *See* TEX. PENAL CODE ANN. § 37.09(d)(1). Her only challenge is to whether the evidence supports that she concealed the pipe.

3

beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We are also required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

The State alleged that Appellant committed the offense of tampering with physical evidence. Thus, as alleged, the State was required to prove that Appellant: (1) knowing that an offense had been committed, (2) concealed any thing, (3) with the intent to impair its availability as evidence in any subsequent investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(d)(1). Concealment "requires a showing that the allegedly concealed item was hidden, removed from sight or notice, or kept from discovery or observation." *Stahmann v. State*, 602 S.W.3d 573, 581 (Tex. Crim. App. 2020).

Appellant contends that she did not conceal the pipe from law enforcement; rather, she merely abandoned it in the toilet. She cites *Stahmann* as establishing that when an

item is abandoned in plain view, the defendant has not violated the tampering statute. *See id.* (while defendant intended to conceal pill bottle, abandoning it in plain sight does not constitute concealment). The State points to evidence that Appellant was alone in the restroom, she attempted to conceal the pipe by wrapping it in toilet paper and depositing it in the toilet, and the pipe was not in plain view when discovered. Because the pipe was not abandoned in plain view, we conclude that the evidence was sufficient to support a conclusion that the pipe was concealed as required by section 37.09(d)(1). Finding the evidence sufficient to support Appellant's conviction for the offense of tampering with physical evidence, we overrule Appellant's first issue.

### ISSUE TWO: ON-THE-RECORD INQUIRY INTO ABILITY TO PAY FINE AND COSTS

By her second issue, Appellant contends that the trial court abused its discretion by failing to conduct an on-the-record inquiry into Appellant's ability to pay the costs assessed by the judgment and requests that we remand the case to the trial court to conduct such an inquiry. The State chose not to directly address this issue.

"[P]reservation of error is a systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties . . . ." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Recently, the Court of Criminal Appeals held that "because the [ability-to-pay] inquiry is not fundamental to the functioning of our adjudicatory system, [an appellant] forfeit[s] his complaint when he fail[s] to object in the trial court." *Cruz v. State*, No. PD-0628-23, 2024 Tex. Crim. App. LEXIS 653, at *1 (Tex. Crim. App. Sept. 4, 2024).

5

In the present case, Appellant did not object to the trial court's failure to inquire, on the record, into Appellant's present ability to pay court costs. Even though she obtained a hearing on her motion for bond pending appeal, she did not raise this issue. She did not file a post-judgment motion raising the issue. As such, we must conclude that Appellant failed to preserve her objection to the trial court's failure to conduct an on-the-record inquiry into her present ability to pay court costs. *Id.*; *see* TEX. R. APP. P. 33.1. Consequently, we overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.